### James PREVOST, Veronica Ball and David Martin, Appellants,

v.

### INSURANCE ADVISORS OF TEXAS, INC., Insurance Advisors, Inc. and Insurance Advisors of America, Inc., Appellees.

### No. 2–00–188–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 1, 2001.

Rehearing Overruled March 8, 2001.

---

We reverse and render in part and reverse and remand in part.

## I. BACKGROUND

On November 10, 1995, Insurance Advisors of Texas ("Insurance Advisors") filed suit against James Prevost, a former insurance agent, to collect insurance commissions. Veronica Ball intervened. Prevost's original counsel withdrew from the case, at which time Martin was substituted. On November 13, 1998, the trial court ordered the case to mediation. During the week of March 15, 1999, after mediation, Martin contacted Brent Brown, the mediator, to see if Insurance Advisors would be willing to jointly dismiss the case with prejudice. Brown contacted William Kirkman, counsel for Insurance Advisors, who accepted the "settlement offer." No settlement agreement was ever signed by both parties.

On March 23, 1999, Brown wrote a letter to the trial court stating that the parties had settled. However, the fax date at the top of the page indicated that the letter had been sent on April 12, 1999. On March 24, 1999, Kirkman sent Martin a letter confirming the settlement and requested Martin's signature. Martin never signed the letter nor returned Kirkman's phone calls. Martin then sent a letter to the trial court on April 16, 1999, and said that the case had not settled and checked to see if the trial was still set for June 1, 1999. The trial court held a hearing to investigate the settlement confusion. During this hearing, the trial court found that there was a settlement and sanctioned Martin $10,000 for perpetrating a fraud on the court pursuant to rules 13 and 215 of the Texas Rules of Civil Procedure. *See* Tex.R.Civ.P. 13, 215. The trial court also dismissed the case with prejudice.

David H. Martin, Malesovas, Martin & Tekell, L.L.P., Waco, for appellant.

Marshall M. Searcy, Jr., William N. Warren, Derek W. Anderson, Bourland, Kelly, Hart & Hallman, P.C., William L. Kirkman, Kirkman, Seidler & Evans, L.L.P., Fort Worth, for appellee.

PANEL A CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

DAY, Justice.

In this appeal, Appellants challenge the trial court's orders sanctioning Appellant David Martin and dismissing the case based on an oral settlement agreement.

## II. STANDARD OF REVIEW

■ We review Rule 13 and Rule 215 sanctions under an abuse of discretion standard. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986); *Tarrant County v. Chancey,* 942 S.W.2d 151, 154 (Tex.App.—Fort Worth 1997, no writ); *see also GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 730–32 (Tex. 1993) (orig. proceeding) (applying abuse of discretion test to review of sanctions imposed under Rule 13). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Tex. Dep't of Health v. Buckner,* 950 S.W.2d 216, 218 (Tex.App.—Fort Worth 1997, no pet.).

■ An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *see also Goode,* 943 S.W.2d at 446. Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 241–42.

## III. DISCUSSION

■ In his first point, Martin alleges that there was no evidence to support the trial court's imposition of sanctions against him. In support of its sanctions against Martin, the trial court reasoned that Martin perpetrated a fraud on the court. The trial court found that (1) Martin made an offer to settle, which Kirkman accepted; (2) Brown communicated the settlement to the court and the parties; (3) Martin refused to respond to Brown's or Kirkman's repeated calls concerning the settlement; and (4) Martin sent a letter to the trial court disavowing the existence of a settlement, without sending a copy to either Brown or Kirkman, and by doing so, Martin made a material misrepresentation to the trial court. However, the trial court did not expressly state in its findings of fact how Martin perpetrated a fraud on the court, nor can we find any evidence that suggests Martin perpetrated a fraud on the court.

Martin told the trial court in his letter that the case had not settled and asked whether the trial date was still correct. Martin asserted that no settlement took place because neither he nor his clients ever signed a settlement agreement in accordance with Rule 11. *See* Tex.R.Civ.P. 11. We cannot find any evidence that would suggest Martin misrepresented the existence of the settlement agreement to the trial court, when the basis of Martin's argument is that a written settlement agreement did not exist. Therefore, we find no evidence to support the trial court's findings that Martin perpetrated a fraud on the court. We hold the trial court abused its discretion in assessing sanctions against Martin. Therefore, we sustain Martin's first point.

■ In his second point, Martin argues the trial court erred in dismissing the

suit with prejudice on the court's finding that a settlement agreement existed. A settlement agreement must comply with Rule 11 to be enforceable. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995). To satisfy the "in writing" provision of Rule 11, the same contract principles apply that are used to determine when a "writing" satisfies the statute of frauds. *Id.* Thus, a Rule 11 settlement agreement is not enforceable unless it is complete within itself as to every material detail and contains all the essential elements of the agreement so the contract can be ascertained from the writing, without resort to oral testimony. *Id.*

 The supreme court has said that Rule 11 exists because verbal agreements of counsel respecting the disposition of cases are very likely to be misconstrued and forgotten and to lead to misunderstandings and controversies. *Id.* Therefore, no agreement between the attorneys or parties to a suit is enforceable under Rule 11 unless it is in writing, signed, and filed with the papers as part of the record, or unless it is made in open court and entered of record. Tex.R.Civ.P. 11; *Kosowska v. Khan*, 929 S.W.2d 505, 507 (Tex. App.—San Antonio 1996, writ denied).

Kirkman argued that all of the communication between Kirkman, Brown, and Martin, taken as a whole, constituted a settlement agreement. However, as Kirkman admitted, there was no settlement agreement that had been signed by Martin or his clients pursuant to Rule 11. The only written evidence of any possible settlement agreement was:

(1) a letter Brown sent to the trial court stating that the parties had agreed to settle;

(2) a letter Kirkman sent to Martin stating that it was his understanding that all sides had agreed to dismiss all of their claims and requested that if this was Martin's understanding as well to sign the letter and return it to Kirkman;

(3) an interoffice memo to Kirkman, in which his secretary explained that she had spoken with Brown who could not get in touch with Martin either, but that he thought the deal was still good or Martin would have responded;

(4) an interoffice memo to Kirkman, in which his secretary said that she could not get in touch with Martin;

(5) a letter Kirkman sent to Martin once again asking him to sign the agreement; and

(6) another interoffice memo Kirkman's secretary sent him stating that she had spoken to Martin's office.

There is no evidence that the terms of a settlement were ever written down other than in the letter that Kirkman sent to Martin. Martin did not sign the letter. Furthermore, both parties were not present when the letter was drawn up, nor was the letter filed with the court. Moreover, the settlement agreement was not made in open court and entered of record. Therefore, we find no evidence that suggests a settlement agreement existed between the parties in accordance with Rule 11. We sustain Martin's second point.

## IV. CONCLUSION

Having sustained Martin's two points, we reverse the trial court's judgment and render judgment in favor of Martin on the issue of the sanctions and remand the case to the trial court for trial.