NUMBER 13-03-178-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

MARIA E. PERALES AND 
EDWARD L. PERALES,                                                      Appellants,

v.

SPOHN HEALTH SYSTEM 
CORPORATION,                                                                         Appellee.
                                                                                                                                      

On appeal from the 94th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza 
Memorandum Opinion by Justice Garza
 
            Appellants, Maria E. Perales and Edward L. Perales, appeal the decision of the trial
court granting summary judgment in favor of appellee, Christus Spohn Health System
Corporation d/b/a Christus Spohn Hospital South (“Spohn”). We conclude an enforceable
rule 11 agreement was not created because the settlement agreement was not made in
open court and entered of record. We affirm the decision of the trial court. 
I. Background
          In the original underlying case, Perales v. Spohn Health System Corporation, Todd
R. Howell, M.P., Luz Perez, L.V.N., & Valerie C. Briault, R.N., cause number 97-5259-C,
the Peraleses alleged that Spohn, as well as other parties, committed medical malpractice. 
Before and during trial, the Peraleses and Spohn entered into negotiations in an attempt
to settle the case. Ultimately Spohn made an offer to the Peraleses for $150,000 which
was to remain open and available for acceptance by the Peraleses until the jury returned
a verdict. 
          During the jury’s deliberations, the jury foreman sent out four notes requesting
additional instructions. The third of these notes read, “On question #1, we resolved that
neither (Dr. Howell/Spohn Hosp.) were negligent[. Does] this represent completion of our
charges?” When the judge read this note aloud in court, counsel for the Peraleses
immediately stated, “I’ll accept the offer,” and repeated shortly thereafter, “John, I’ll accept
the one-fifty offer.” Counsel for Spohn responded, “I understand that the jury has sent out
a note that we view to be demonstrative of their verdict. . . . I view this as a substantive
verdict and therefore my offer earlier to Mr. Showalter [counsel for the Peraleses] was that
the $150,000 offer was good until the time of the verdict, and I view this to be the jury’s
verdict,” indicating that he considered the offer to have expired.  
          After further deliberation, the jury returned a verdict in favor of defendants Spohn
and Dr. Howell, and against the Peraleses. The Peraleses, claiming that they had a valid
and enforceable rule 11 agreement with Spohn despite the jury verdict, presented a claim
for $150,000 and demanded payment, which Spohn refused to tender. See Tex. R. Civ.
P. 11. The Peraleses then sued Spohn for breach of contract. Spohn filed a motion for
summary judgment alleging: (1) the Peraleses failed to provide evidence of an enforceable
rule 11 agreement; and (2) Spohn’s offer expired when the jury sent out the third note,
before the Peraleses attempted to accept the offer. The trial court granted summary
judgment in favor of Spohn, and the Peraleses subsequently appealed to this Court. 
II. Summary Judgment
          When the trial court’s order granting summary judgment is silent as to its reasoning,
this Court should affirm the summary judgment if any ground advanced in the motion is
meritorious. Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995);
Larson v. Family Violence & Sexual Assault Prevention Ctr., 64 S.W.3d 506, 515 n.8 (Tex.
App.–Corpus Christi 2001, pet. denied). In reviewing an award of traditional summary
judgment, we must determine whether the summary judgment proof establishes as a
matter of law that there is no genuine issue of material fact as to one or more of the
essential elements of the plaintiff’s cause of action or whether the defendant has
conclusively established all elements of his affirmative defense. See Pech v. Estate of
Tavarez, 112 S.W.3d 282, 285 (Tex. App.–Corpus Christi 2003, no pet.); see also Crain
v. Smith, 22 S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no pet.). We take as true all
evidence favorable to the non-movant and indulge every reasonable inference in the non-movant’s favor. Trigo v. Munoz, 993 S.W.2d 419, 421 (Tex. App.–Corpus Christi 1999,
pet. denied). Our review of summary judgments is de novo. Texas Commerce Bank-Rio
Grande, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet. denied).
III. Rule 11 Agreement
          An agreement to settle a case is enforceable by the trial court if it complies with rule
11. See Padilla v. La France, 907 S.W.2d 454, 460 (Tex. 1995). To comply with rule 11,
the agreement must be either (1) in writing, signed and filed with the papers as part of the
record, or (2) made in open court and entered of record. Tex. R. Civ. P. 11; Padilla, 907
S.W.2d at 459. A valid rule 11 agreement, whether written or oral, must contain all
essential terms of the agreement and must be complete in every material detail. See
Padilla, 907 S.W.2d at 460; Neasbitt v. Warren, 105 S.W.3d 113, 116 (Tex. App.–Fort
Worth 2003, no pet.); see also Travelers Ins. Co. v. Williams, 603 S.W.2d 258, 261 (Tex.
App.–Corpus Christi 1980, no writ) (requiring that parties agree upon the provisions of a
settlement as the court has no power to supply terms, provisions, or essential details). The
purpose of the rule is to avoid disputes over the terms of oral settlement agreements. 
Padilla, 907 S.W.2d at 461. 
          In this appeal, the Peraleses complain that Spohn failed to provide sufficient
evidence demonstrating that there was no enforceable oral rule 11 agreement. They also
claim that trial testimony and an affidavit from their attorney demonstrate the existence of
such an agreement. However, upon reviewing the summary judgment evidence de novo,
we can find no indication that the essential terms of a rule 11 agreement were in fact made
in open court and entered of record or reduced to writing, signed, and filed with the papers
as part of the record.
          Under Texas law, an agreement becomes a valid and enforceable contract when,
among other things, there is (1) an offer and (2) an acceptance of that offer. See Labor
Ready Cent. III, L.P. v. Gonzales, 64 S.W.3d 519, 522 (Tex. App.–Corpus Christi 2001, no
pet.). The summary judgment evidence before us does not demonstrate that an offer, an
essential term establishing existence of an agreement, was ever made in open court and
entered into the record. The affidavit of the Peraleses’ attorney, attached to the Peraleses’
response to the motion for summary judgment, notes that Spohn “made an offer of
$150,000 to settle all claims . . . contingent only on its acceptance before the jury returned
a verdict.” Counsel did not indicate that this offer was ever made orally in court to be
entered in the record, although he does explicitly indicate that acceptance occurred in
conformity with the requirements of rule 11: “I accepted the offer in open court. The
acceptance was entered in the court record.” Similarly, the excerpts from the trial transcript
also fail to show that an offer was made in compliance with rule 11. The only excerpt from
the medical malpractice trial, which was submitted by both parties as summary judgment
evidence, involved a discussion that occurred in court between the judge and counsel after
the jury sent the third note to the judge and the Peraleses’ attorney attempted to accept. 
Counsel for Spohn did admit to the court that he had previously made a settlement offer
of $150,000 to the Peraleses’ attorney. He did not, however, repeat that offer in open court
on the record and provided no indication that he had intended the offer to be part of an
enforceable rule 11 agreement. No other trial testimony from the attorneys was offered as
evidence, leaving this Court with no evidence that an offer was ever made in open court
on the record. 
          Deposition testimony of Spohn’s attorney similarly notes that an offer was made by
Spohn and conveyed to the Peraleses’ attorney but does not indicate that this offer was
made or repeated in open court and entered into the record. The affidavit of Spohn’s
attorney, submitted with Spohn’s motion for summary judgment, affirmatively states: 
“There is no record of agreement between the parties to settle.” The Peraleses provided
no evidence that would tend to dispute this statement. 
          A vital element of an enforceable rule 11 agreement, the offer to settle, was never
established in compliance with the terms of rule 11. Spohn has therefore demonstrated
that there is no genuine issue of material fact as to the existence of a valid rule 11
agreement that should have been recognized and enforced by the trial court. See Prevost
v. Ins. Advisors, Inc., 46 S.W.3d 289, 293 (Tex. App.–Fort Worth 2001, pet. denied) (when
evidence did not show that terms of settlement had been established on the record, court
held that no rule 11 agreement existed). Because this Court should affirm the granting of
summary judgment if any ground advanced in the motion is meritorious, see Harwell, 896
S.W.2d at 173, we find it unnecessary to reach the issue of whether the jury note
constituted a verdict. Instead we conclude that the trial court properly granted Spohn’s
motion for summary judgment on the rule 11 issue alone. 
          Accordingly, we affirm the decision of the trial court. 
                                                                                                                                  DORI CONTRERAS GARZA,
                                                                Justice
 
Memorandum Opinion delivered 
and filed this the 15th day of July, 2004.