172 S.W.3d 710 (2005)
In the Interest of A.S.M., a Child.
No. 2-04-387-CV.
Court of Appeals of Texas, Fort Worth.
August 18, 2005.
*711 Gregory Pitts, Fort Worth, TX, for Appellant.
Harris & Cook, L.L.P., David L. Cook, Chris Harris, Arlington, TX, for Appellee.
Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

*712 OPINION
TERRIE LIVINGSTON, Justice.
Appellant Linda Sue M. appeals from the trial court's orders denying and dismissing her petition to modify the parent-child relationship and awarding appellee attorney's fees as sanctions because she did not file the affidavit described in family code section 156.102.[1] In three issues, appellant contends that the trial court should not have required her to file an affidavit or, in the alternative, should have abated her suit rather than dismiss it, that the trial court abused its discretion in imposing sanctions against her, and that the evidence does not support the reasonableness and necessity of the $5,000 attorney's fees award. We affirm.
On October 31, 2003, the trial court entered an Agreed Order in Suit to Modify Parent-Child Relationship between appellant and the child's father, appellee Gerardo M., Jr., naming appellant and appellee as joint managing conservators of A.S.M. The order designated appellant as the parent with the exclusive right to determine the primary residence of the child but restricted the area in which the child could reside to Tarrant County, Texas and contiguous counties. On December 29, 2003, appellant filed a First Amended Petition to Modify the Parent-Child Relationship,[2] requesting that the part of the agreed order restricting the child's domicile to Tarrant County, Texas or contiguous counties be removed. On January 13, 2004, appellee filed a counter-petition to modify, in which he alleged that appellant's petition was groundless and brought in bad faith and for the sole purpose of harassment because it was barred by res judicata.[3] He also filed an answer on the same date, asking the trial court to refuse to go forward on appellant's petition because she had not attached the affidavit described in family code section 156.102.
On April 7, 2004, the trial court held a preliminary hearing and entered temporary orders sending the parties to counseling. That same day, the trial court ruled on the parties' joint motion to refer the case to the associate judge for trial and set the trial for July 1, 2004. On July 1, the parties appeared for trial, and the trial *713 court took judicial notice of its file. The trial court found that appellant's case should be dismissed because she did not file the section 156.102 affidavit. Thus, the trial court did not rule on the merits of either party's petitions. The trial court further found that appellant's petition was groundless, filed in bad faith, and brought for the sole purpose of harassment. Accordingly, the trial court awarded appellee $5,000 in attorney's fees as sanctions.
At appellant's request, the trial court filed findings of fact and conclusions of law. The trial court found that
5. [Appellant] did not execute and attach an affidavit to her First Amended Petition as provided by Tex. Fam.Code § 156.102(b).
. . . .
13. When the case was called to trial. . . [appellant] still had not filed the affidavit required by Tex. Fam. Code § 156.102(b).
14. The uncontroverted evidence shows that due to the actions of [appellant], [appellee] incurred reasonable and necessary attorney's fees in an amount in excess of $5,000.00.
Based on these findings, the trial court concluded that
1. The Agreed Order was res judicata of the child's best interests as of October 31, 2003.
. . . .
3. The . . . First Amended Petition sought to modify the designation of the person having the exclusive right to designate the primary residence of the child the subject of this suit.
4. [Appellant] was required to execute and attach an affidavit to her First Amended Petition[ ] as provided by Tex. Fam.Code § 156.102(b).
5. [Appellant] failed to execute and attach an affidavit to her First Amended Petition as provided by Tex. Fam.Code § 156.102(b).
6. The Court was therefore required to deny the relief sought by [appellant] without a hearing.
. . . .
8. The filing of [appellant's] . . . First Amended Petition . . . less than two months after the "Agreed Order in Suit to Modify Parent-Child Relationship" was signed on October 31, 2003, coupled with [appellant's] failure to comply with Tex. Fam.Code § 156.102(b) showed that her . . . First Amended Petition [was] filed in bad faith, [was] groundless and [was] brought for the sole purpose of harassment. [Appellant's] prosecution of her suit despite her complete failure to comply with the provisions of Tex. Fam.Code § 156.102(b) warranted sanctions.
9. [Appellee] is entitled to an award of reasonable and necessary attorney's fees in the amount of $5,000.00.
In her first issue, appellant challenges the trial court's conclusion that she was required to file a section 156.102 affidavit with her petition. We review conclusions of law de novo. Simmons v. Kuzmich, 166 S.W.3d 342, 346 (Tex.App.-Fort Worth 2005, no pet.); see Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998) (citing cases holding that legal questions subject to de novo review), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).
Subsection (a) of family code section 156.102, which is entitled "Modification of Exclusive Right to Determine Primary Residence of Child Within One Year of Order," provides that
[i]f a suit seeking to modify the designation of the person having the exclusive *714 right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).
TEX. FAM.CODE ANN. § 156.102(a). Subsection (b) requires that the affidavit contain, along with supporting allegations, at least one of the following allegations:
(1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
(2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or
(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.
Id. § 156.102(b). The only allegations that could be applicable to the facts of this case are (1) and (2). A trial court must deny the relief sought and refuse to schedule a hearing on the suit unless the court determines that the affidavit alleges adequate facts to support one or more of the allegations set forth in subsection (b). Id. § 156.102(c). Thus, in the absence of an affidavit, or if the petitioner has attached an affidavit that does not meet the requirements of section 156.102(b) and (c), the trial court should refuse to hear the merits of the matter.
The Dallas court of appeals has determined that the plain language of section 156.102(a) shows that the affidavit requirement applies only to suits "seeking to modify the designation of a person having the exclusive right to determine the primary residence of a child." Ellason v. Ellason, 162 S.W.3d 883, 886 (Tex.App.-Dallas 2005, no pet.) (holding that section 156.102 did not apply to suit seeking to name parent as person with exclusive right to determine primary residence of child because order gave both parents joint right to determine primary residence of child); In re R.C.S., 167 S.W.3d 145, 148 (Tex.App.-Dallas, 2005, no pet. h.) (same, but order did not designate anyone as person with exclusive right to determine child's primary residence). Appellee contends that "[t]he removal of a geographic domicile restriction is [also] a modification of the `designation of the person having the right to designate the primary residence of the child.'" Thus, we must determine whether appellant's suit seeking to modify or remove the geographical restriction constitutes a "suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child." TEX. FAM.CODE ANN. § 156.102(a) (emphasis added).
In determining whether section 156.102 applies to this situation, we may consider, among other things, the "object sought to be attained" by the statute and the "consequences of a particular construction" even if the wording of section 156.102(a) is unambiguous. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); In re J.A.B., 13 S.W.3d 813, 816 (Tex.App.-Fort Worth 2000, no pet.).[4] Construction of a *715 statute must be consistent with its underlying purposes and the policies it promotes. Northwestern Nat'l County Mut. Ins. Co. v. Rodriguez, 18 S.W.3d 718, 721 (Tex.App.-San Antonio 2000, pet. denied).
Texas's public policy for all suits affecting the parent-child relationship is set forth in the family code. Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex.2002); see TEX. FAM. CODE ANN. § 153.001(a) (Vernon 2002); In re E.S.S., 131 S.W.3d 632, 640-41 (Tex. App.-Fort Worth 2004, no pet.) (relying on public policy set forth in section 153.001(a) in determining whether agreement between parties in involuntary parental rights termination case violated public policy). Section 153.001(a) provides that
(a) The public policy of this state is to[ ]
(1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;
(2) provide a safe, stable, and nonviolent environment for the child; and
(3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.
TEX. FAM.CODE ANN. § 153.001(a). The family code further provides that in determining conservatorship, possession, and access issues, the primary consideration of the court must always be the best interest of the child. Id. § 153.002. The purpose of section 156.102 in particular is to "promote stability in the conservatorship of children by preventing the re-litigation of custodial issues within a short period of time after the custody order is entered." R.C.S., at 148.[5]
The Waco court of appeals considered whether section 156.102(a) applies to a suit seeking to impose a geographical restriction on the designation of the parent having the exclusive right to determine the primary residence of two children. See In re A.C.S., 157 S.W.3d 9, 17-19 (Tex.App. -Waco 2004, no pet.). In A.C.S., an agreed divorce decree named the joint managing conservator mother as the parent with the exclusive right to determine the children's primary residence with no geographical restrictions. Id. at 13. Six months after entry of the agreed decree, the joint managing conservator father sought to restrict the children's residence to Brazos County or contiguous counties. Id. The Waco court of appeals determined that "[b]ecause [father] sought a significant geographical narrowing of the terms under which [mother] could designate the children's primary residence, . . . he sought a modification of the designation" and, therefore, section 156.102 applied. Id. at 18. Thus, the Waco court has interpreted the provision broadly, to include not only a suit seeking to change the person with the exclusive right to determine a child's primary residence, but also a suit seeking to change the scope, or terms, of the then-existing designation without changing the identity of the person.
We believe that this interpretation of section 156.102(a) is consistent with the underlying purposes of the statute and the public policy applicable to suits affecting the parent-child relationship in general. See TEX. FAM.CODE ANN. §§ 153.001(a), *716 153.002; R.C.S., 167 S.W.3d at 148. Thus, we hold that a suit seeking to eliminate or modify the terms of a geographical restriction on a person having the exclusive right to determine a child's primary residence is a "suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child" for purposes of section 156.102(a).[6]
Here, appellant, as the person with the exclusive right to determine A.S.M.'s primary residence, was required to file a section 156.102 affidavit when she filed her original and first amended petitions seeking to eliminate the geographical restriction. See TEX. FAM.CODE ANN. § 156.102(a). She did not file an affidavit with her original or first amended petitions, nor did she attempt to file one at any time during the trial court proceedings even though appellee alleged in his answer that she had failed to do so. Additionally, appellant did not introduce any evidence at the July 1 hearing that would have fulfilled the requirements of the affidavit. See TEX. FAM. CODE ANN. § 156.102(b); A.C.S., 157 S.W.3d at 18-19 (holding that although appellant failed to file affidavit, failure was harmless because appellant introduced evidence supporting allegation required to be included in affidavit); see also In re J.R.D., 169 S.W.3d 740, 742 (Tex.App.-Austin, 2005, no pet. h.) (reviewing trial court's modification order after trial on merits under abuse of discretion standard); Franco v. Franco, 81 S.W.3d 319, 332 (Tex.App.-El Paso 2002, no pet.) (reviewing trial court's order removing domicile restriction of children after trial on merits for abuse of discretion); In re C.R.O., 96 S.W.3d 442, 446 (Tex.App.-Amarillo 2002, pet. denied) (reviewing trial court's order imposing domicile restriction after trial on merits for abuse of discretion). Thus, the trial court did not err in concluding that appellant was required to file the affidavit required by section 156.102 and dismissing her suit on that basis. TEX. FAM.CODE ANN. § 156.102(c). We overrule appellant's first issue.[7]
Appellant's second issue challenges the propriety of the trial court's sanctions order on the grounds that appellee failed to prove that sanctions were warranted under TEX.R. CIV. P. 13 and that the trial court's interpretation of section 156.102 was erroneous.
We initially note that the trial court was authorized to tax attorney's fees against appellant as costs under family code section 156.005 because it found that appellant's suit was brought for the sole purpose of harassment. TEX. FAM.CODE ANN. § 156.005 (providing that trial court shall tax attorney's fees as costs if it determines that a party's modification suit was designed to harass a party); In re D.R. v. J.A.R., 894 S.W.2d 91, 96 (Tex.App.-Fort Worth 1995, writ denied) (op. on reh'g) (holding under former version of section 156.005 that trial court has discretion to award attorney's fees but if it does so, then *717 it must award them as costs); Stashak v. Stashak, No. 14-02-00700-CV, 2003 WL 21230406, at *3 (Tex.App.-Houston [14th Dist.] May 29, 2003, no pet.) (mem.op.) (upholding trial court's award of attorney's fees under section 156.005 as sanctions for failure to file section 156.102 affidavit in custody modification suit). But the judgment does not tax the attorney's fees as costs; instead, it is clear from the judgment and the trial court's findings of fact and conclusions of law that it awarded the attorney's fees as sanctions under rule 13. TEX.R. CIV. P. 13. Although appellee's petition asked for reasonable attorney's fees to be taxed as costs, it also specifically requested sanctions under rule 13 on the grounds that appellant's petition was groundless and brought in bad faith and for the sole purpose of harassment. The trial court's conclusions of law refer to the attorney's fees award as a sanction rather than a cost and specifically concludes that appellant's petition was groundless and brought in bad faith and for the sole purpose of harassment. Thus, we will review whether the trial court's sanctions award was proper under rule 13.
We review a trial court's determination to impose sanctions under an abuse of discretion standard. GTE Commc'ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 730-32 (Tex.1993) (orig.proceeding); Ball v. Rao, 48 S.W.3d 332, 338 (Tex.App.-Fort Worth 2001, pet. denied). To determine whether the trial court abused its discretion, we examine whether it acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Ball, 48 S.W.3d at 338. We should only overturn a trial court's conclusion if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. Ball, 48 S.W.3d at 338; Stites v. Gillum, 872 S.W.2d 786, 788 (Tex.App.-Fort Worth 1994, writ denied). There is no abuse of discretion if some evidence of substantive and probative character supports the trial court's decision or if the evidence is conflicting. Prevost v. Ins. Advisors of Tex., Inc., 46 S.W.3d 289, 292 (Tex.App.-Fort Worth 2001, pet. denied).
Rule 13 provides that a party may seek sanctions against a party or counsel or both if the court determines that any pleading or motion is groundless and brought either in bad faith or for the purpose of harassment. TEX.R. CIV. P. 13. A pleading is groundless if it has "no basis in law or fact and [is] not warranted by good faith argument for the extension, modification, or reversal of existing law." Id. Courts are to presume that pleadings and motions are filed in good faith, and sanctions should not be imposed except for "good cause, the particulars of which must be stated in the sanction order." Id.; Ball, 48 S.W.3d at 338.
Here the record shows that appellant filed suit barely a month after the trial court entered an agreed order containing the restriction she complained of. Appellant offered no evidence whatsoever to support the statement in her petition that changed circumstances warranted the elimination of the restriction and that the elimination of the restriction would be in the best interest of the child. In fact, appellant continued to argue that the affidavit was not necessary even after appellee filed his answer raising the issue. Furthermore, appellee testified that appellant had in the past failed to abide by a previous agreed order that required appellant to return A.S.M. to Tarrant County after moving to Illinois.[8] The trial court's findings *718 of fact and conclusions of law clearly state that appellant's failure to file the affidavit even after having such failure called to her attention warranted the sanctions award. Based on the foregoing, we hold that the trial court did not abuse its discretion in awarding sanctions under rule 13. TEX.R. CIV. P. 13; see Stashak, 2003 WL 21230406, at *1, 3. We overrule appellant's second issue.
In her third issue, appellant contends that there is no evidence to support the trial court's award of $5,000 in attorney's fees because there is no expert testimony that the fees appellee testified he incurred were reasonable and necessary. But proof of the necessity or reasonableness of attorney's fees is not required when the fees are assessed as sanctions.[9]JHC Ventures, L.P. v. Fast Trucking, Inc., 94 S.W.3d 762, 778 (Tex.App.-San Antonio 2002, no pet.); Stites, 872 S.W.2d at 797. Instead, the amount of attorney's fees awarded as sanctions is within the sound discretion of the trial court. JHC Ventures, 94 S.W.3d at 778. Here, appellee testified that he had incurred over $5,000 in attorney's fees in defending against appellant's suit. Thus, we conclude that the evidence supports the attorney's fees award. See id. We overrule appellant's third issue.
Having overruled appellant's issues, we affirm the trial court's judgment.
NOTES
[1] TEX. FAM.CODE ANN. § 156.102 (Vernon Supp. 2004-05). This section requires that a person seeking modification of the designation of the person with the exclusive right to determine the primary residence of a child file an affidavit alleging, along with supporting facts, at least one of the following:

(1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
(2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or
(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child, if the suit is filed within one year after the earlier of the date of the rendition of the order [in which the designation is made] or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based.
Id. § 156.102(a), (b).
[2] Although a copy of appellant's original petition is not in the record, the trial court's findings of fact state that it was filed December 2, 2003.
[3] Appellee conditioned his request for modification of the decree on the trial court's granting appellant's requested relief. In other words, if the trial court agreed that appellant's petition should be dismissed because she did not attach the section 156.102 affidavit, then appellee did not wish for the decree to be modified in any way.
[4] The Code Construction Act is applicable to the family code. See TEX. GOV'T CODE ANN. § 311.002; Vasquez v. State, 739 S.W.2d 37, 43 (Tex.Crim.App.1987); In re A.M., 101 S.W.3d 480, 484 (Tex.App.-Corpus Christi 2002, pet. filed).
[5] See also Burkhart v. Burkhart, 960 S.W.2d 321, 323 (Tex.App.-Houston [1st Dist.] 1997, pet. denied) (construing former version of section 156.102, which applied to suits seeking to modify sole managing conservatorship, and explaining that Texas public policy regarding the modification of custody arrangements "disfavors disruption of custodial arrangements within the first year, except in cases in which the child's physical health or emotional development is imperiled"); Mobley v. Mobley, 684 S.W.2d 226, 229 (Tex.App.-Fort Worth 1985, writ dism'd).
[6] Appellant attempts to draw a distinction between a suit seeking to eliminate a restriction and a suit seeking to impose a restriction, but we do not believe there to be any meaningful distinction between the two. Granting relief in either situation has the potential to disrupt the status quo of the child's living arrangements, a result that Texas public policy attempts to avoid except in cases in which the child's physical or emotional health is in danger. See TEX. FAM.CODE ANN. § 153.001; R.C.S., 167 S.W.3d at 148; Burkhart, 960 S.W.2d at 323; Mobley, 684 S.W.2d at 229.
[7] Appellant's statement of her first issue includes the contention that the trial court should have abated rather than denied and dismissed her suit, but appellant did not brief this issue; therefore, it is waived. See Shelton v. Sargent, 144 S.W.3d 113, 119 (Tex.App.-Fort Worth 2004, pets. denied) (waiving point on appeal for failure to cite authority).
[8] Instead of holding appellant in contempt, the trial court clarified the prior agreed order.
[9] Although the trial court's findings of fact and conclusions of law reference "reasonable and necessary" attorney's fees, it is clear that the award of attorney's fees constitutes sanctions for appellant's actions.