TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00516-CV




Selena Irene Serafin, Appellant

v.

Doyle Wayne Seale, Appellee




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 16,323, HONORABLE JOE CARROLL, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        Appellant Selena Irene Serafin appeals the trial court’s final order modifying the
parent-child relationship of Serafin, appellee Doyle Wayne Seale, and their child, J.D.S. In a single
issue, Serafin asks us to reverse and remand the trial court’s order because Seale failed to attach to
his petition the affidavit required by family code section 156.102. Based on our holding that Serafin
waived her right to complain of Seale’s defective pleadings by failing to object prior to judgment,
we will affirm the trial court’s order granting Seale the exclusive right to determine J.D.S.’s primary
residence.
 
BACKGROUND
                        Serafin and Seale divorced in January 2007. Under the terms of their divorce decree,
Serafin and Seale were appointed joint-managing conservators and Serafin was designated as the
parent with the exclusive right to determine J.D.S.’s primary residence (“primary conservator”). In
December 2007, when Seale failed to return J.D.S. to Serafin after one of his periods of possession,
Serafin filed a motion with the trial court for a writ of attachment for J.D.S. and a petition to modify
the parent-child relationship, seeking past and future child support, health insurance, a permanent
injunction, and attorney’s fees. The trial court issued the writ and set a temporary-orders hearing for
December 14, 2007. 
                        In response, Seale filed a petition to modify the parent-child relationship, asking the
trial court to remove Serafin as J.D.S.’s primary conservator and designate Seale in her place. 
Because his petition sought to modify primary conservatorship and was filed less than one year after
the trial court had rendered judgment in the divorce proceeding, Seale attached to his petition a
purported affidavit stating that Serafin’s actions placed J.D.S. in danger and alleging various facts
to support that statement, see Tex. Fam. Code Ann. § 156.102 (West 2008), but the affidavit was
neither signed nor notarized. 
                        At the temporary-orders hearing on December 14, 2007, in which both parties were
represented by counsel, the parties entered into agreed temporary orders to, among other things,
continue as joint-managing conservators, follow certain temporary visitation arrangements, and
participate in “therapy/counseling.” The trial court also ordered Seale to pay $800 in attorney’s fees.
                        Over the following year, the parties attended counseling and also attempted to settle
this matter through mediation, but were unable to resolve the custody issue. As a result, after a one-day bench trial on the merits in January 2009, the trial court found that Seale’s requested
modification was in J.D.S.’s best interest and designated Seale as J.D.S.’s primary conservator. 
Serafin appeals that order.
 
DISCUSSION
                        In a single issue on appeal, Serafin argues that the trial court abused its discretion
when it modified J.D.S.’s primary conservatorship because Seale had failed to sign the affidavit
required by the family code. In response, Seale acknowledges that it was error for the trial court to
set a hearing on Seale’s petition for modification without the affidavit, but asserts that we should
affirm the trial court’s judgment regardless because (1) Serafin failed to preserve that issue for
review by not bringing this pleading deficiency to the trial court’s attention until after judgment was
entered and (2) any error by the trial court was rendered harmless by trial testimony establishing the
information required in the affidavit.
                        We review a trial court’s conservatorship determination under an abuse of
discretion standard. In re J.A.J., 243 S.W.3d 611, 616 (Tex. 2007). A trial court abuses its
discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or
principles. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).
                        Section 156.102 of the family code requires a person who files suit seeking to modify
primary conservatorship within one year of the rendition of the order establishing primary
conservatorship to file an affidavit setting forth certain allegations and supporting facts. See Tex.
Fam. Code Ann. § 156.102(a) (West 2008). If the trial court determines that the affidavit states facts
adequate to support the allegations in the affidavit, the trial court must set a hearing on the
modification issue. Id. § 156.102(c). The trial court must “deny the relief sought and refuse to
schedule a hearing for modification,” however, if the facts alleged in the affidavit do not support the
allegations. Id.; see also In re A.S.M., 172 S.W.3d 710, 716 (Tex. App.—Fort Worth 2005, no pet.)
(holding that trial court did not err when it refused to hear merits of matter and dismissed case due
to absence of section 156.102 affidavit).
                        Here, Seale attached a purported affidavit setting forth the allegation and facts
required by section 156.102, but he did not sign the affidavit or have it notarized. An “affidavit” that
is not signed by the affiant or notarized is not an affidavit. See Tex. Gov’t Code Ann. § 312.011(1)
(“‘Affidavit’ means a statement in writing . . . signed by the party making it . . . , sworn to before an
officer authorized to administer oaths, and officially certified by the officer under his seal of
office.”); see also Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex. 1970) (holding that affidavit
that did not meet statutory definition was not an affidavit); Wilie v. Signature Geophysical Servs.,
Inc., 65 S.W.3d 355, 361-62 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding that
affidavit without notary’s seal is defective and, therefore, not competent summary-judgment
evidence). Accordingly, Seale failed to attach the affidavit required by section 156.102 of the
family code; thus, it was error for the trial court to set a hearing on Seale’s petition for modification. 
See Tex. Fam. Code Ann. § 156.102(c); see also In re A.C.S., 157 S.W.3d 9, 18 (Tex. App.—Waco
2004, no pet.) (holding that it was error for trial court to allow modification hearing in absence of
section 156.102 affidavit).
                        To preserve that error for appeal, however, Serafin had to notify the trial court of the
error by making a timely request, objection, or motion that complied with the requirements of the
rules of civil procedure. See Tex. R. App. P. 33.1(a); A.C.S., 157 S.W.3d at 18 (explaining that party
to modification suit must object in writing before judgment is signed to preserve error regarding
adequacy of section 156.102 affidavit). The rules of civil procedure require a party in a non-jury
case to specifically point out, by written exceptions to the trial court, any defect or omission in a
pleading before the judgment is signed, or the complaint regarding any pleading defect or omission
is waived. Tex. R. Civ. P. 90; Horne v. Harwell, 533 S.W.2d 450, 451-52 (Tex. Civ. App.—Austin
1976,writ ref’d n.r.e.) (holding that failure to specially except that pleadings did not comply with
predecessor to section 156.102 waived complaint on appeal); see also Ingram v. Deere, 288 S.W.3d
886, 893 (Tex. 2009) (holding that complaint regarding failure to file verified denial was waived
when both parties presented evidence on issue without objection). Serafin did not raise an issue
regarding Seale’s defective affidavit until her motion for new trial, which was filed after the
judgment was signed. Accordingly, Serafin waived her complaint about Seale’s defective affidavit.



                        Even if Serafin had not waived her complaint regarding Seale’s affidavit, however,
the trial court’s error—i.e., allowing a hearing on Seale’s petition for modification—did not cause
the rendition of an improper judgment, see Tex. R. App. P. 44.1(a), because testimony adduced at
trial provided the evidentiary support required by section 156.102 of the family code. Specifically, 
Seale testified to the following matters at the modification hearing:
 
•          Serafin exposed J.D.S. to drugs, alcohol, and “criminal surroundings”;
 
•          Serafin’s boyfriend, who had access to J.D.S., had been convicted of assault and
possession of marijuana; and
 
•          J.D.S. was in a volatile environment.
 
 
Thus, as required by section 156.102, Seale alleged that J.D.S.’s present environment was dangerous
and asserted facts to support that allegation. See Tex. Fam. Code Ann. § 156.102. Accordingly, any
error in the trial court’s decision to conduct a modification hearing in the absence of affidavit
testimony by Seale was harmless. See A.C.S., 157 S.W.3d at 18-19.
                        We overrule Serafin’s single issue on appeal.
 
CONCLUSION
                        Having overruled Serafin’s single issue on appeal, we affirm the trial
court’s judgment.
 
                                                                        __________________________________________
                                                                        David Puryear, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 2, 2010