In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00360-CV
IN THE INTEREST OF A.S. AND T.S.

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-09-10731-CV**

**MEMORANDUM OPINION**

This appeal originates from a suit to terminate the rights of A.S. and T.S.'s

parents by the Department of Family and Protective Services ("the Department").[1]

Appellants are the children's paternal grandparents who filed pleadings in the

termination suit after the trial court terminated the parents' rights, seeking to gain

custody of their grandchildren. In two issues, the grandparents argue that the trial

court: (1) abused its discretion when it struck their petition in intervention without

notice, a hearing, evidence, or a signed order and later struck their "Original

---

[1] We refer to the appellants as "the grandparents" and their grandchildren by their initials to protect their identities. *See* Tex. R. App. P. 9.8(b)(2).

Petition"; and (2) abused its discretion when it dismissed the case with a partial nonsuit while they still had an affirmative pleading on file. We affirm.

## I. Background

On September 11, 2018, the trial court terminated the parent-child relationship of the parents to T.S. and A.S. after T.S was abused based on a traumatic hypoxic-ischemic injury to his brain together with multiple other fractures.[2] The order terminating the relationship between T.S. and A.S. and their parents appoints the Department as their managing conservator.

On October 11, 2018, the grandparents filed a pleading in the termination case titled "Petition in Intervention in Suit Affecting the Parent-Child Relationship." They did not file any timely post-judgment motions challenging the trial court's September 2018 final order. In response, the Department moved to strike and dismiss the intervention and the request for temporary orders.

Around two months later, in December 2018, the grandparents filed an "Original Petition in Suit Affecting the Parent-Child Relationship" (SAPCR) in the same cause number as the termination seeking to be named managing conservators of the children and to grant them the exclusive right to designate the children's

---

[2] The record shows that the child, previously healthy, now suffers from severe neurological impairment and other related health issues, requiring extensive medical care and therapy.

primary residence.[3] The Department moved to strike and dismiss the grandparent's original petition."

After filing their "Original Petition," a paralegal with the law office representing the grandparents sent the trial court the following email:

Good Morning [trial court],

[The attorney representing the grandparents] has asked me to contact you. We would like to get all the court dates from December to present in this case, Cause # 17-09-10731. We will need transcripts from each of those court dates as soon as possible. And any and all notes from the judge on this case. Apparently, its being said that the Judge ruled against our clients and [the grandparents' attorney] doesn't remember hearing that.

In response, the trial court printed the email and handwrote on the email, "After due consideration the Court declines the invitation. Signed July 17, 2019[.]" The judge signed the email.

October 4, 2019, the trial court signed an order dismissing the case in part as it pertained to A.S. because A.S. had been adopted. On October 15, 2019, the grandparents filed a notice of appeal, citing the trial court's order of dismissal as the final appealable order. The grandparents also filed a motion for new trial on October 21, 2019, and a First Amended Motion for Reconsideration in December, both of which were overruled by operation of law.

---

[3] We note that although this document was titled an "original petition," the petition seeks to modify the trial court's order appointing the Department as the children's managing conservator after terminating their parent's rights.

## II. Issue One

In their first issue, the grandparents argue the trial court abused its discretion by striking their intervention without notice, hearing, evidence, or a signed order" and dismissing their original petition. According to the appellants, they "were absolutely denied their day in Court to prove standing and that the best interest of the child[ren] would be served if the child[ren] [were] placed with the family and paternal grandparents as managing conservators."

### A. Petition in Intervention

A trial court has only a limited period in which to change a ruling in a final order. *See* Tex. R. Civ. P. 329b. After signing an order that functions as a final judgment, the trial court has plenary power to change its ruling for a period of thirty days unless, within thirty days, a party in the case files a motion to alter the trail court final order. *See* Tex. R. Civ. P. 329b(d). Post-judgment motions filed by a party to the final order add additional time during which the trial court retains its plenary power to alter a ruling in a final order or judgment, which begins running on the date the final order that functions as a final judgment was signed. *See* Tex. R. Civ. P. 329b(e) (extending the trial court's plenary power if a post-trial motion such as a motion for new trial is filed for "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."). But after the trial court's plenary power expires, any further orders or

judgments the trial court may sign in the case are void. *See* Tex. R. Civ. P. 329b(f); *see also Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

"A judgment is final for purposes of appeal if it disposes of all pending parties and claims." *McFadin v. Broadway Coffeehouse, LLC,* 539 S.W.3d 278, 283 (Tex. 2018) (citation omitted). Here, the grandparents were not parties to the case when the trial court signed the order terminating the parental relationship between T.S. and A.S., and their parents. Consequently, a request to intervene, which is filed by someone who previously was not a party to the case, is not a proper motion that is available to extend a trial court's plenary power. "A petition in intervention must generally be made before judgment is rendered." *In re Barrett*, 149 S.W.3d 275, 279 (Tex. App.—Tyler 2004, no pet.) (citing *Citizens State Bank v. Caney Inv.*, 746 S.W.2d 477, 478 (Tex.1988); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984)). Stated another way, a trial court cannot consider an intervention filed after a judgment was signed when the judgment has not been set aside. *In re H.G.*, 267 S.W.3d 120, 122 n.1 (Tex. App.—San Antonio 2008, pet. denied).

No one argues the trial court's September 2018 order terminating the parent-child relationship, which is the order relevant to the grandparents' first issue complaining about the trial court striking their intervention, is not a final order. Since the grandparents were not parties to the case when the trial court signed that order,

5

they no longer had the right to intervene. That's because "an intervention must generally be filed before entry of judgment; if filed after judgment, it may not be considered unless and until the judgment has been set aside." *In re H.G.*, 267 S.W.3d at 122 n.1 (citations omitted). Here, the grandparents did not have the right to intervene in a lawsuit the trial court had already disposed of by signing a final judgment. For that reason, we hold the trial court did not abuse its discretion when it "decline[d] the [grandparents' email] invitation[]" to consider their untimely petition to intervene.

## B. Original Petition

In December 2018, after the trial court denied the grandparents' intervention, they filed an "Original Petition" to be "designated as the conservator who has the exclusive right to designate the primary residence of the children."[4] The District Clerk filed that petition in the same cause number as the termination, trial court cause number 17-19-10731-CV.

The Original Petition seeking to modify custody rights over T.S. and A.S does not include the information required to allow the courts to know that the person who filed the suit has standing to file a SAPCR. In any suit seeking to alter who can designate a child's primary residence filed within one year of the order, "the person filing the suit shall execute and attach an affidavit" that contains supporting facts

---

[4] The substance of this pleading makes clear it is a modification.

6

and allegations that: (1) the child's present environment endangers the child; (2) the person having the exclusive right to designate the child's primary residence is the one seeking or consenting to the modification, and it is in the child's best interest; or (3) that the person who has the exclusive right to designate the child's primary residence voluntarily relinquished primary care and possession of the child for at least six months prior to the modification, and the modification is in the child's best interest. *See* Tex. Fam. Code Ann. § 156.102(a), (b). The grandparents filed their "Original Petition" seeking to modify the managing conservatorship within one year of the termination order naming the Department as the managing conservator. Therefore, the statute applied and required the affidavit we describe above. But the grandparents failed to file such an affidavit with their "Original Petition" or at any time in the suit. *See id.*

Further, the Family Code provides that "[t]he [trial] court *shall deny the relief* sought and *refuse to schedule* a hearing for modification . . . unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit." *Id.* § 156.102(c) (emphasis added). Where no affidavit is filed with facts supporting a necessary allegation, the plain language of the statute requires the judge to deny the relief and refuse to schedule a hearing. *See id.* Given the grandparents' failure to include the required affidavit, the trial court had no choice but to deny their request to modify custody.

*See id.; see also In re A.S.M.*, 172 S.W.3d 710, 716 (Tex. App.—Fort Worth 2005, no pet.) (concluding trial court did not err in concluding 156.102 required appellant to file affidavit and dismissing suit for failure to do so). At least two of our sister courts have held that it is error for a court to conduct a hearing on a request to modify custody when the party has failed to file the required affidavit to demonstrate standing. *See Serafin v. Seale*, No. 03-09-00516-CV, 2010 WL 4910047, at *2 (Tex. App.—Austin Dec. 2, 2010, no pet.) (mem. op.) (concluding it was error for trial court to set a hearing on petition for modification in absence of affidavit); *In re A.C.S.,* 157 S.W.3d 9, 18 (Tex. App.—Waco 2004, no pet.) (same).

We overrule the grandparents' first issue.

### III. Issue Two

In their second issue, the grandparents argue that the trial court erred by granting the October 4, 2019 dismissal of this case when they had affirmative pleadings on file. According to the grandparents, by dismissing the case, they "were denied ever having the ability to present any evidence to the Court regarding their pleadings." The grandparents' argument lacks merit. As explained above, the grandparents failed to include the affidavit required by section 156.102 of the Family Code, a choice that allowed the trial court to deny their request for relief. While the grandparents filed a motion for new trial, they failed to include any information in that motion, including an affidavit like the one required by section 156.102, to

8

demonstrate they have standing to be heard on their claims. *See* Tex. Fam. Code Ann. § 156.102(a)-(c); *In re A.S.M.*, 172 S.W.3d at 716; *In re A.C.S.,* 157 S.W.3d at 18. Because grandparents have not shown the trial court erred by ordering the case dismissed, we overrule issue two.

## IV. Conclusion

Having overruled the grandparents' issues, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 19, 2021
Opinion Delivered October 21, 2021

Before Golemon, C.J., Kreger and Horton, JJ.