**Roland and Gayle BALL, McKool Smith, P.C., and Eric W. Buether, Appellants,**

**v.**

**Len and Kelly RAO, Appellees.**

**No. 2–99–400–CV.**

Court of Appeals of Texas, Fort Worth.

May 10, 2001.

Rehearing Overruled July 12, 2001.

McKool Smith, P.C., Eric W. Buether, Dallas, for Appellants.

McCauley, MacDonald, Devin & Huddleston, P.C., D. Mark Davis, Amy S. Harris, and Chad M. Ruback, Dallas, for Appellees.

Panel B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

LIVINGSTON, Justice.

### Introduction

Roland and Gayle Ball sued Len and Kelly Rao to stop the Raos' construction of a fence between the parties' yards. Both sides moved for summary judgment. The trial court granted the Raos' motion, denied the Balls' motion, and assessed sanctions against both the Balls and their trial counsel, McKool Smith, P.C. and Eric W. Buether, for violations of the rules of civil procedure and the civil practice and remedies code. The Raos' claim for attorney's fees was tried to a jury, and the jury returned a verdict for the Raos. The Balls appeal from all of these rulings. McKool Smith and Buether appeal from the sanctions award. We affirm in part, reverse and render in part, and remand in part.

### Factual Summary

In August, 1997 the Balls purchased a waterfront home in the golfing development known as the Hills of Prestonwood. In November 1997 the Raos purchased the home next door. In January of 1998 the Raos submitted a request for architectural control committee approval to build a fence on their property. The request sought permission to build an "eight foot fence that would sit on a grade next to a [retaining] wall" along the parties' property line. The committee approved the request in February 1998, and in April the Balls learned the fence would be built on top of the retaining wall, which was approximately seven feet tall in some places. The Balls sought to stop construction of the fence on the basis that it was in violation of the deed restrictions to which both their properties were subject. Although the trial court initially granted the Balls a temporary restraining order, the court ultimately granted summary judgment in favor of the Raos and denied the Balls' cross-motion for summary judgment.

In June of 1999 a jury heard the Raos' claim for attorney's fees and awarded them attorney's fees in the amount of $27,000. The court also awarded the Raos $13,500 in sanctions under rule 13 of the Texas Rules of Civil Procedure and sections 9 and 10 of the Texas Civil Practice and Remedies Code. The trial court awarded the sanctions jointly and severally against the Balls and their counsel and a separate sanction of $500 against their counsel for violation of the motion in limine.

### Issues Presented

**By appellants Roland and Gayle Ball.** In sixteen issues, those appellants challenge the denial of their summary judgment motion; the grant of the Raos' motion for summary judgment; the award of attorney's fees to the Raos; the court's rulings on multiple issues regarding expert testimony, related discovery defects and

requested continuances; the court's charge and judgment on attorney's fees; and the court's imposition of sanctions.

**By appellants McKool Smith, P.C. and Eric W. Buether.** In ten issues, these appellants challenge the trial court's imposition of sanctions against them, under rule 13 of the rules of civil procedure and chapters 9 and 10 of the civil practice and remedies code. Generally, they claim due process violations, defects in the orders for failure to show good cause to impose sanctions, and evidentiary and pleading deficiencies. Because the result of the appeal on the merits may impact the propriety of the appeal of the attorney's fees and sanctions, we address the Balls' issues first.

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

When, as here, both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Webb v. Reynolds Transp., Inc.*, 949 S.W.2d 364, 365 (Tex. App.—San Antonio 1997, no writ). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex.1999); *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997);

*see also Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). The reviewing court should render the judgment the trial court should have rendered. *Agan*, 940 S.W.2d at 81.

### Discussion

### 1. The Deed Restrictions.

The dramatic impact of this fence, retaining wall, and grade change between neighbors is best exemplified by the photographs in the Balls' exhibit 3, which is attached to this opinion as an appendix. The result of the case turns, however, on whether the Raos complied with the development's deed restrictions and obtained proper approval to construct this particular fence along with other improvements and modifications. Section 4.05 of the restrictions provides:

(a) No fence, wall (including, but not limited to, any retaining wall) or hedge shall be erected, placed, or altered on any Lot without the approval of the Committee [the architectural control committee]. No fence or wall shall exceed eight (8) feet in height, or such other height limitations as may be imposed by the Committee. Fences and walls may be constructed only of solid wood (which may be with Metal posts), masonry or wroght iron materials.

. . . .

(d) The portion of any fence located along the tide property line of any Golf Course Lot and of any Lot which is adjacent to any creek, waterway or Master Common Property which is within fifteen (15) feet from the rear property line of such Lot and the portion of any fence which is located along the rear property line of each Golf Course Lot and of any Lot which is adjacent to any creek, waterway or Master Common Properties shall be constructed only of

wrought iron materials of a type and design to be designated by the Declarant. No fence of any type shall be erected on any Golf Course Lot or any Lot which is adjacent to any creek, waterway or Master Common Properties which is parallel to the side property line and nearer to the rear property line than fifteen (15) feet unless the same is uniformly stepped or sloped from its height at a point fifteen (15) feet from the rear property line to a height of five (5) feet at the rear property line.

Additionally, section 4.06 states, "No owner shall change the grade, Lot elevations or drainage patterns on any Lot without the prior written approval of the Committee." The Balls claim that the Raos never acquired the committee's approval for the fence as actually constructed, and therefore it is in violation of the deed restrictions and must be removed. They contend the committee's letter approving the construction of the fence is limited to approval of the fence "as submitted 1–8–98" in the Raos' request.

The Raos' January 8, 1998 request sought approval to construct a pool and an eight-foot fence that would sit on the grade next to the retaining wall that was approximately five feet high. The request noted that the drainage easement "drops approx 5' below foundation or grade 8' fence will sit on grade next to wall." Further, the Balls contend the Raos extended the height and length of the retaining wall in excess of the restriction maximums without prior architectural committee approval and that they changed the grade of their property, thereby impacting the height of the fence, without the necessary approval.

In their first four issues, the Balls complain the trial court improperly denied their motion for summary judgment because there were no factual disputes remaining and because the evidence estab-

lished their right to recovery as a matter of law. We agree that there were no remaining contested questions of material fact that justify the denial of summary judgment for them.

The uncontroverted evidence, including the admissions by the Raos themselves, establishes that the Raos did not seek, and therefore could not have obtained, architectural committee approval to change the existing height of the retaining wall or the grade of the property next to the retaining wall. Mr. Rao conceded in his affidavit that extending the length or height of a retaining wall constituted an alteration and that he did not seek approval to alter the retaining wall. Further, he quite clearly conceded that the fence is higher than eight feet, the height for which he had approval, in some places. Additionally, he conceded that the retaining wall, as modified, is in excess of his 6' 3" height in some places. David Garrett, an agent for the architectural control committee of the Hills at Prestonwood Masters Homeowners Association, Inc., testified similarly. There is no evidence that the committee granted the Raos permission to change the height of the retaining wall, to modify the elevation or grade of the property, or to construct a fence in excess of eight feet in height.

Because the trial court erred in granting summary judgment for the Raos, and in failing to grant summary judgment for the Balls, issues one through six are sustained.

## 2. Attorney's Fees Award

In issue seven the Balls complain that the trial court erred in awarding the Raos' attorney's fees as the prevailing party. Section 8.03 of the deed restrictions allows the prevailing party to seek recovery of attorney's fees in any action to enforce the restrictions or to recover damages for violations of the restrictions. Because the

Raos are no longer the prevailing party they are not entitled to attorney's fees and this issue is sustained.

Issues eight through fifteen raise trial court error in allowing expert testimony on attorney's fees due to discovery omissions, lack of segregation of fees and charge error in their submission. Because we have already determined that the trial court erred in granting the Raos attorney's fees, these issues are moot and need not be addressed.

### 3. Sanctions

The Raos, in their second amended answer and counterclaim, sought sanctions against the Balls, asserting their claims for relief were groundless and brought in bad faith or for the purpose of harassment in violation of rules 13 and 215(2)(b) of the rules of civil procedure and sections 9 and 10 of the civil practice and remedies code. The trial court agreed, granted their motion, and awarded the Raos $13,500 against the Balls and their counsel jointly and severally. In issue sixteen, the Balls and their counsel urge the trial court erred in the imposition of these sanctions.

On April 24, 1998 the Balls filed a motion for contempt against the Raos and their fence contractor for their alleged violation of the temporary restraining order (TRO) that the trial court had granted on April 15, 1998. The Balls alleged the Raos and the fence contractor continued construction on the fence despite notification of the TRO. On April 30 the court dissolved the TRO and denied the Balls' request for a temporary injunction and their motion for contempt. However, the court denied the motion for contempt for violation of the TRO "without prejudice."

Later, in anticipation of the hearings on both parties' motions for summary judgment and the jury trial on attorney's fees, both parties filed motions in limine. At a March 15, 1999 hearing on both parties' motions for summary judgment, the court granted the Raos' motion and denied the Balls' motion. Then, on April 19, 1999 the Raos filed an amended answer and counterclaim seeking sanctions under rule 13 of the Texas Rules of Civil Procedure and Section 10 of the Texas Civil Practice and Remedies Code. The trial court held the jury trial on the Raos' claim for attorney's fees on June 23 and 24, 1999 and the hearing on their claim for sanctions immediately afterwards. Appellants objected on the grounds that the Raos had not filed a motion for sanctions and that the Balls had not received the notice of the sanctions request required by rule 13 and section 10. The trial court overruled the objections and sanctioned the Balls and their counsel $13,500 and also sanctioned the Balls' counsel $500 for violations of portions of the Raos' motion in limine during voir dire and opening.

The sanctions imposed against the Balls and their attorneys in the amount of $13,500 were included in the final judgment the court signed. It included recitals to support the Raos' counterclaim for sanctions under rule 13 and sections 9 and 10 reciting that the Balls "brought this action and continued to pursue these claims even though [they] knew or should have known that the claims they asserted were baseless, frivolous and groundless and ... in bad faith and for the purpose of harassment."

The court also signed a separate sanctions order against the Balls' counsel alone for violations of the motion in limine in the amount of $500 payable to the county. In that sanctions order the court found that the Balls and their counsel repeatedly violated the court's order on the Raos' motion in limine and that Buether "knowingly and repeatedly violated that portion of the Motion in Limine that restricted counsel's

mention or reference to the correctness of the Court's previous Order granting summary judgment for the [Raos] ... and/or any statement or reference regarding the allegedly improper location, height, or approval for the construction of [the fence]...."

The order also found that "Eric Buether violated Paragraph 10 of Defendants/Movants Motion in Limine which related to any inference or reference that Defendants/Movants [Raos] were held in contempt by the Court at any time."

In ten issues, appellants challenge the sanctions orders on grounds that the court failed to comply with notice and procedural prerequisites to the imposition of sanctions, the trial court failed to state in the orders the particulars establishing good cause to support the imposition of sanctions, and there was no evidence to support the sanctions.

■■■ We review a trial court's determination to impose sanctions under an abuse of discretion standard. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730–32 (Tex.1993) (orig.proceeding); *Tarrant County v. Chancey*, 942 S.W.2d 151, 154 (Tex.App.—Fort Worth 1997, no writ). To determine whether the trial court abused its discretion, we examine whether it acted without reference to any guiding rules or principles. *Tanner*, 856 S.W.2d at 730–32. We should only overturn a trial court's conclusion if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.*

Rule 13 provides that a party may seek sanctions against a party or counsel or both if the court determines any *pleading or motion* is groundless *and* brought either in bad faith or for the purpose of harassment. Tex.R. Civ. P. 13. Courts are to presume that pleadings and motions are filed in good faith and sanctions should

not be imposed except for "good cause, the particulars of which must be stated in the sanction order." *Id.* Section 10 of the civil practice and remedies code also allows for the imposition of sanctions against parties and/or their counsel for asserting claims or defenses or factual contentions that have no evidentiary support. Tex. Civ. Prac. & Rem.Code Ann. § 10.001 (Vernon Supp. 2001).

■■■ First, appellants assert trial court error in imposing any sanctions under section 9 of the civil practice and remedies code because the Raos' claim for imposition of sanctions did not request that sanctions be imposed under section 9. We agree. Nowhere in the Raos' amended counterclaim did they assert section 9 as a basis for imposition of sanctions. Their claim for sanctions was based solely on section 10 of the civil practice and remedies code and rule 13 of the rules of procedure. We sustain this issue.

Because we have determined that the Balls' claims did have evidentiary support, the court's findings that they pursued the claims "even though [they] knew or should have known that their claims ... were baseless, frivolous and groundless ... [and] in bad faith and for the purpose of harassment" are clearly erroneous and constitute an abuse of discretion. We sustain appellants' evidentiary issues with respect to the sanctions and therefore do not need to address their remaining issues as to the $13,500 sanctions award.

In their remaining issues, Buether and McKool Smith challenge the award of sanctions against them, jointly and severally in the amount of $500. Here the court set forth specific findings of violations of its orders in limine during voir dire, opening statements, and cross-examination of two witnesses, despite repeated admonishments to Buether.

■ Prior to the jury trial on attorney's fees, both parties filed motions in limine. The court held a hearing on their motions and granted most. In particular, the court ordered the parties not to go into the Raos' alleged contempt of the TRO granted at the beginning of the case or to go into the merits of the contested issues relative to the claimed deed restriction violations. The record from voir dire and the jury trial on the attorney's fees claim is replete with sustained objections and admonishments to Buether to limit his voir dire, statements, and cross examinations to issues relevant to the attorneys fees issue as opposed to attempts to retry the merits of the underlying claim on the deed restriction violations. The court found that Buether repeatedly and continuously violated the motion in limine, in particular paragraphs 9 and 10.

■ A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. *Fort Worth Hotel Ltd. P'ship v. Enserch Corp.,* 977 S.W.2d 746, 757 (Tex.App.—Fort Worth 1998, no pet.) The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. *Weidner v. Sanchez,* 14 S.W.3d 353, 363 (Tex.App.—Houston [14th Dist.] 2000, no pet.); *Enserch Corp.,* 977 S.W.2d at 757. The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court and we, as an appellate court, will not reverse a trial court's sanctions absent a clear abuse

of discretion. *Lassiter v. Shavor,* 824 S.W.2d 667, 669 (Tex.App.—Dallas 1992, no writ). A sanction for violating a court order must, however, be appropriate to the circumstances of the case. *Id.* We must also keep in mind that repeated violations of limine orders may result in mistrials or reversals. *Weidner,* 14 S.W.3d at 363.

We believe the trial court did not abuse its discretion in awarding the sanction of $500 against Buether and McKool Smith for Buether's repeated violations of the court's in limine orders. The record shows the arguments of both counsel at the hearing on the motions in limine focused on the two recurring areas of evidence Buether was not to go into; yet, repeatedly, he did. We, therefore, overrule Buether and McKool Smith's remaining points and affirm the trial court's sanctions against them.

## Conclusion

We reverse the summary judgment for the Raos and render judgment for the Balls on their claims involving deed restrictions violations. We also reverse the judgment awarding the Raos attorney's fees and $13,500 in sanctions and render judgment that the Raos cannot recover attorney's fees from the Balls or $13,500 in sanctions from the Balls, Buether, and McKool Smith. We remand the cause to the trial court for consideration of the Balls' claim for attorney's fees. We affirm the trial court's order sanctioning Buether and McKool Smith in the amount of $500.