



## MEMORANDUM OPINION

No. 04-10-00778-CV

Mary Louise **SEGURA**,
Appellant

v.

Gilbert A. **SEGURA**,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 09-05-0348-CVA
Honorable Stella Saxon, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  September 28, 2011

AFFIRMED AS MODIFIED

This is a restricted appeal from a judgment ordering appellant Mary Louise Segura to pay

sanctions and attorney's fees to appellee Gilbert A. Segura. We modify the judgment to delete

the orders for sanctions and attorney's fees, and affirm the judgment as modified.

### BACKGROUND

On May 1, 2009, Mary Louise filed a lawsuit against her son, Gilbert, alleging she had an

ownership interest in a tract of land in Atascosa County, Texas, which had been conveyed to

Gilbert by his father, Paul Segura. The suit included claims for trespass to try title, accounting, and conversion. Gilbert filed an answer to the suit, denying that Mary Louise had any ownership interest in the land. Gilbert also brought counterclaims for attorney's fees and slander of title.

On April 8, 2010, Mary Louise non-suited all of her claims and the trial court signed an order dismissing her claims with prejudice.

On April 27, 2010, Gilbert's counsel asked the trial court to set a hearing on Gilbert's claims for attorney's fees and sanctions on May 26, 2010.

On May 10, 2010, Mary Louise's counsel sent a letter to Gilbert's counsel. In the letter, Mary Louise's counsel stated that she had not received a copy of any motion for sanctions or attorney's fees filed on Gilbert's behalf. Additionally, Mary Louise's counsel explained her position that the trial court no longer had jurisdiction to decide claims for attorney's fees and sanctions. Finally, Mary Louise's counsel stated she would be unable to attend any hearing on May 26, 2010, because of a scheduling conflict. A copy of this letter was sent to the trial court coordinator.

The trial court held a hearing on May 26, 2010. Neither Mary Louise nor her counsel appeared at this hearing. However, Gilbert and his counsel appeared and presented evidence. After hearing the evidence, the trial court pronounced judgment for Gilbert on his slander of title claim, and ordered Mary Louise to pay Gilbert attorney's fees in the amount of $14,000.00 if no appeal was taken and sanctions in the amount of $5,000.00 for filing a frivolous lawsuit.[1] On June 22, 2010, the trial court signed a final judgment reflecting its ruling. Mary Louise filed an untimely motion for new trial. Thereafter, on October 27, 2010, Mary Louise filed a notice of restricted appeal.

---

[1]The order also awards appellate attorney's fees, and provides that Mary Louise and her trial counsel are jointly and severally liable for the sanctions.

## RESTRICTED APPEAL REQUIREMENTS

To prevail on her restricted appeal, Mary Louise must show that: (1) she brought this appeal within six months after the trial court signed the judgment; (2) she was a party to the suit; (3) she did not "participate" in the hearing that resulted in the complained-of judgment, nor timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is "apparent from the face of the record." *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). These requirements are jurisdictional and must be met. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

There is no question that Mary Louise meets the first two requirements. Mary Louise filed her notice of appeal within six months after the trial court signed the judgment and was a party to the suit. Thus, we focus on whether Mary Louise meets the third and fourth requirements.

## NON-PARTICIPATION

To determine if Mary Louise meets the non-participation requirement, we must ask if she participated in the decision-making event that resulted in the adjudication of her rights. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The decision-making event is the proceeding in which the questions of law and fact are decided. *See id.* The nature and extent of participation necessary to preclude a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings. *Id.* It is the fact of non-participation, and not the reason for it, that determines a person's right to pursue a restricted appeal. *Id.* at 590. Courts construe the non-participation requirement liberally in favor of a right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).

Mary Louise contends she meets the non-participation requirement because she was not at the hearing that resulted in the final judgment. Gilbert counters that Mary Louise participated in the hearing based on two documents in the record: a May 10, 2010, letter to Gilbert's counsel and a May 25, 2010, fax to the trial court coordinator.

In the May 10, 2010, letter, titled "Request for a Rule 11 Agreement," Mary Louise's counsel informs Gilbert's counsel that she had been trying to contact him to ask him to agree to reschedule the May 26, 2010, hearing, but had been unsuccessful. Mary Louise's counsel then explains her position that a hearing on attorney's fees and sanctions would not be appropriate. Finally, Mary Louise's counsel concludes the letter by explaining she was unable to attend the May 26, 2010, hearing due to a scheduling conflict. A copy of the May 10, 2010, letter was sent to the trial court coordinator; however, the letter was directed to opposing counsel rather than to the trial court.

In the May 25, 2010, fax, which is directed to the trial court coordinator, Mary Louise's counsel explains she will be unable to make it to the hearing because of depositions scheduled in another case. She further explains that opposing counsel had refused to agree to reset the hearing. Finally, Mary Louise's counsel asks the court coordinator to advise the court that she is unavailable and that she objects to the hearing given that the entire lawsuit had been previously dismissed.

Gilbert asserts that whenever there is a written response to the decision-making event, courts find sufficient participation to preclude review by restricted appeal. We disagree. In some procedural contexts, such as a summary judgment proceeding, a responsive pleading is sufficient to demonstrate participation in the hearing. *Id*. ("taking part in all steps of summary judgment proceeding except appearance at hearing on the motion for summary judgment" "constitutes

participation"); *Bowles v. Cook*, 894 S.W.2d 65, 68 (Tex. App.—Houston [14th Dist.] 1995, no writ) (holding the filing of a response to a motion for summary judgment was sufficient participation to deny a restricted appeal); *see also In re B.H.B.*, 336 S.W.3d 303, 306 (Tex. App.—San Antonio 2010, pet. struck) (holding a parent whose parental rights were terminated participated in the decision-making event that resulted in the termination decree when she submitted to the court a sworn and very detailed affidavit relinquishing parental rights). But in this procedural context—an evidentiary hearing on attorney's fees and sanctions—neither the letter nor the fax was sufficient to demonstrate Mary Louise's participation in the hearing that resulted in the judgment against her. At the hearing, Gilbert presented evidence in support of his request for attorney's fees and sanctions. This evidence was wholly unchallenged. Thereafter, the trial court granted the relief requested and rendered judgment against Mary Louise. The record does not indicate the trial court expressly considered the contents of the letter or the fax at the hearing.

We conclude Mary Louise did not participate in the decision-making event that resulted in the judgment. Accordingly, Mary Louise meets the third restricted appeal requirement.

**ERROR APPARENT ON THE FACE OF THE RECORD**

We now turn to the final restricted appeal requirement: whether the error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. The face of the record includes all papers on file and a reporter's record if one exists. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). In determining whether error is apparent on the face of the record, we review the pleadings filed in the trial court and the reporter's record from the trial court's hearing. *See id.* Review by restricted appeal affords the appellant the same scope of review as in an ordinary appeal. *Id.*

### A. Void Judgment?

In her fourth issue, Mary Louise contends the trial court's judgment is void. The judgment states, "On the claim of Trespass to [T]ry Title, the Court finds in favor of Defendant, Gilbert A. Segura, and against Plaintiff, Mary Louise Segura…." The judgment further states, "Gilbert A. Segura is full and sole owner of the [] property" and "Mary Louise Segura has no interest whatsoever" in the property. Mary Louise argues the judgment is void because the trial court had no jurisdiction to render judgment. According to Mary Louise, her trespass to try title claim was extinguished when she non-suited it and the trial court signed the dismissal order on April 8, 2010. Mary Louise asserts that because her claim was extinguished on April 8, 2010, the trial court no longer had jurisdiction to render judgment on June 22, 2010. Mary Louise does not otherwise challenge this part of the judgment.

Texas Rule of Civil Procedure 162, which governs dismissals and non-suits, provides in part:

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk.

TEX. R. CIV. P. 162. "After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). Generally, a trial court's plenary power expires thirty days after signing a final judgment. *See* TEX. R. CIV. P. 329b(d); *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995).

Here, the non-suit and dismissal of Mary Louise's claims did not deprive the trial court of jurisdiction. After the trial court dismissed Mary Louise's claims, Gilbert's counterclaims for

attorney's fees and slander of title remained pending. Thus, the non-suit and dismissal of Mary Louise's claims in no way affected the trial court's jurisdiction. When the trial court signed the judgment, it still had jurisdiction to act. We therefore conclude the judgment rendered by the trial court is not void. Mary Louise's fourth issue is overruled.

### B. Sanctions

In her third issue, Mary Louise contends the trial court erred in awarding sanctions against her because Gilbert did not adequately and fairly plead for sanctions and she did not have notice of Gilbert's request for sanctions.

Because the due process clause of the United States Constitution limits a court's power to sanction, a party to a sanctions proceeding must be afforded notice and an adequate opportunity to be heard. *Davila v. World Car Five Star*, 75 S.W.3d 537, 542-43 (Tex. App.—San Antonio 2002, no pet.) (citing *In re Bennett*, 960 S.W.2d 35, 50 (Tex. 1997) (orig. proceeding); *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 2000, orig. proceeding)). Pleadings satisfy this notice requirement and allow a party to defend the sanctions claims against him. *Id.* (citing TEX. R. CIV. P. 47; *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991)). A court is not authorized to grant sanctions under a statute or rule not identified in the motion for sanctions. *See Greene v. Young*, 174 S.W.3d 291, 301 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding trial court erred in imposing sanctions on grounds that were not pleaded); *Ball v. Rao*, 48 S.W.3d 332, 338 (Tex. App.—Fort Worth 2001, pet. denied) (holding trial court erred in imposing sanctions under section 9 of the Texas Civil Practice and Remedies Code when the motion did not request sanctions on this ground).

Under Rule 13 of the Texas Rules of Civil Procedure, sanctions may be imposed against an attorney or party who files a pleading that is groundless and brought in bad faith, or

groundless and brought for the purpose of harassment. *See* TEX. R. CIV. P. 13. Under Chapter 10 of the Civil Practice and Remedies Code sanctions may be imposed for the filing of frivolous pleadings and motions. TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001-.005 (West 2002). To recover under Chapter 10, a party is required to file a motion for sanctions describing the specific conduct that is the subject of the complaint. *Id.* § 10.0002(a).

Here, the record shows the trial court sanctioned Mary Louise and her counsel because it found Mary Louise's lawsuit was frivolous. Nevertheless, the record shows Gilbert wholly failed to plead for sanctions. Neither Rule 13 of the Texas Rules of Civil Procedure nor Chapter 10 of the Civil Practice and Remedies Code is mentioned in Gilbert's answer. And, no motion for sanctions appears in the record. We therefore conclude the trial court erred in awarding sanctions against Mary Louise.[2] Mary Louise's third issue is sustained.

### C. Attorney's Fees

Texas law does not allow for recovery of attorney's fees unless authorized by statute or, when applicable, contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). In her first issue, Mary Louise contends the trial court erred in awarding Gilbert attorney's fees because they were not authorized by the governing statute, the Texas Property Code.[3]

Mary Louise's pleadings indicate she brought a claim for trespass to try title. Gilbert's pleadings indicate he brought a counterclaim for slander of title. In a trespass to try title suit, the recovery of attorney's fees is barred because it is not provided for by the Texas Property Code. *EOG Resources, Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 304 (Tex. App.—San Antonio

---

[2]In her second issue, Mary Louise argues the trial court erred when it awarded sanctions after its plenary power had expired. Having sustained Mary Louise's third issue, we need not reach this issue.

[3]This case does not involve a contract authorizing attorney's fees.

2007, no pet.) (citing *Martin v. Amerman*, 133 S.W.3d 262, 264 (Tex. 2004)). Likewise, in a slander of title suit, the prevailing rule is that attorney's fees are not recoverable. *Williams v. Jennings*, 755 S.W.2d 874, 886-87 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Storm Assoc., Inc. v. Texaco, Inc.*, 645 S.W.2d 579, 589 (Tex. App.—San Antonio 1982), *aff'd*, *Friedman v. Texaco, Inc.*, 691 S.W.2d 586 (Tex. 1985).

Gilbert argues the award of attorney's fees was not error because (1) attorney's fees were allowable as sanctions under Texas Rule of Civil Procedure 13; and (2) attorney's fees were authorized based on Mary Louise's claims for an accounting and conversion. We find these arguments unconvincing. As to the first argument, to recover attorney's fees under Texas Rule of Civil Procedure 13, Gilbert was required to plead for sanctions under Rule 13. As shown above, Gilbert wholly failed to do so. As to the second argument, the cases Gilbert cites do not stand for the proposition that attorney's fees are authorized whenever a party brings a claim for an accounting or conversion. *See Hahn v. Whiting Petroleum Corp.*, 171 S.W.3d 307, 312 (Tex. App.—Corpus Christi 2005, no pet.) (holding trial court erred in failing to grant a new trial following a default judgment); *Morey v. Page*, 802 S.W.2d 779, 787 (Tex. App.—Dallas 1990, no writ) (concluding attorney's fees were awarded under the declaratory judgment statute).

We therefore conclude the trial court erred in awarding attorney's fees because attorney's fees were not authorized by statute. Mary Louise's first issue is sustained.

### CONCLUSION

Mary Louise did not participate in the decision-making event that resulted in the judgment. And, it is apparent from the face of the record that the trial court erred in ordering Mary Louise to pay sanctions and attorney's fees. Thus, Mary Louise has met the requirements

for a restricted appeal. We modify the judgment to delete the trial court's orders for sanctions and attorney's fees. The judgment is affirmed in all other respects.

Karen Angelini, Justice