**REVERSE and REMAND; and Opinion Filed January 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01256-CV

**ALFREDO CORNEJO, Appellant**
**V.**
**ANTHONY JONES, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-02958-A**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Appellant Alfredo Cornejo appeals from a take-nothing judgment rendered in favor of

appellee Anthony Jones after a jury trial. On appeal Cornejo argues that Jones's testimony at

trial should have been excluded under Texas Rule of Civil Procedure 193.6(a) because he failed

to respond to contention interrogatories. We reverse and remand.

### BACKGROUND

Cornejo sued Jones in March 2011 alleging that Jones caused a multi-vehicle accident in

which Cornejo was injured. Jones filed an answer in August 2011 in which he generally denied

Cornejo's allegations and also alleged that Cornejo's or someone else's negligence proximately

caused the accident. After Jones filed his answer Cornejo served Jones with contention

interrogatories. It is undisputed that Jones did not answer the interrogatories.

The case was called to trial before a jury in August 2012. Before trial began and outside the presence of the jury Cornejo objected to Jones's testifying at trial because Jones had failed to answer contention interrogatories "asking, among other things, for [Jones's] general description of the collision made the basis of the lawsuit." In response, the trial court asked Cornejo's counsel if he had moved to compel Jones's answers, and Cornejo's counsel answered, "No."[1] The trial court responded, "Okay. All right. I'm going to decline your request to bar [Jones] from testifying."

At trial Cornejo testified first. He told the jury that on the day in question he was traveling north in one of the left lanes of I-35 around 6:30 a.m. It was raining at the time and traffic was heavy. At one point the cars to his right suddenly came towards him, and his van collided with a gray SUV.

During Cornejo's testimony the police report from the accident was admitted into evidence as Plaintiff's Exhibit 1. The report includes a diagram showing the positioning of nine cars after the accident, including Cornejo's van and Jones's gray Ford SUV. The report also states that Jones entered the freeway at an unsafe speed for the wet road conditions, lost control, and crossed into other lanes of traffic.

Jones testified next. Jones disputed the police report and testified that he was not at fault. According to Jones, he entered the far right lane of the freeway driving approximately fifteen miles per hour because of the heavy traffic and rain. He had "plenty of room to get on." Shortly after he entered the freeway he was hit from behind by another vehicle and the impact sent him spinning into other lanes of traffic where he was hit multiple times by other vehicles. Jones testified that he did not do anything to cause the accident and could not have avoided it. During

---

[1] On appeal Cornejo notes that he did, in fact, file a motion to compel, "but this motion was never heard and no order compelling a response was ever signed."

Jones's testimony Cornejo's counsel again objected to Jones's being allowed to testify, and his objection was overruled.

After the jury returned a verdict in favor of Jones, Cornejo filed a motion for judgment n.o.v. in which he cited Texas Rule of Civil Procedure 193.6(a) and argued that the trial court erred when it allowed Jones to testify. The trial court denied Cornejo's motion and rendered a take-nothing judgment in favor of Jones.

## ANALYSIS

On appeal Cornejo argues that the trial court abused its discretion when it overruled Cornejo's objection under rule 193.6(a) and allowed Jones to testify. Rule 193.6(a) states that absent a showing of either good cause or lack of unfair surprise or prejudice to the other party, "a party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified." TEX. R. CIV. P. 193.6(a). In other words, under rule 193.6(a), when a party fails to respond to discovery in a timely manner, the undisclosed evidence is automatically inadmissible unless one of two exceptions applies: (1) good cause for failure to respond, or (2) lack of unfair surprise or prejudice to the other side. *See, e.g.*, *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.) (noting absent a showing of good cause or lack of unfair surprise or prejudice, rule 193.6 "is mandatory, and the penalty—exclusion of evidence—is automatic").

In response to Cornejo's argument, Jones argues that Cornejo failed to preserve his complaint for appellate review because he did not seek and obtain a running objection to Jones's testimony. We disagree. Before trial began and outside the presence of the jury, Cornejo objected to Jones's being allowed to testify and the trial court overruled Cornejo's objection.

This was tantamount to a running objection. *See* TEX. R. EVID. 103(a)(1) ("When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections."); *see also Tornado Trucking, Inc. v. Dodd*, No. 10-10-00062-CV, 2011 WL 2641272, at *3–4 (Tex. App.—Waco July 6, 2011, pet. denied) (mem. op.) (noting party "ostensibly received a running objection" concerning admission of certain evidence because party "objected to the complained-of evidence outside the presence of the jury and pursued the objection to an adverse ruling"). Jones also argues that Cornejo waived his objection to Jones's testimony because Cornejo's counsel cross-examined Jones about the accident. To the contrary, the Texas Supreme Court has held that "a party is entitled to explain or rebut evidence admitted over objection and is not required to sit idly by and take its chances on appeal." *Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 25 (Tex. 2008) (internal quotation omitted).

Alternatively, Jones argues that he was not required to respond to Cornejo's interrogatories for two reasons. First, Jones argues that a named party can testify at trial regardless of whether that party responds to interrogatories. To support his argument Jones relies on the parenthetical language within rule 193.6(a) quoted above. In other words, Jones argues that the phrase "other than a named party" means that the testimony of named parties can never be excluded under rule 193.6(a). We disagree. In context, the parenthetical language in rule 193.6(a) essentially states that named parties can testify at trial even if they do not list themselves as a fact witness in response to requests for disclosure. It does not state or imply that parties are not required to respond to interrogatories or other types of discovery requests. Here the issue is Jones's failure to respond to interrogatories, not whether he was listed as a fact witness in response to requests for disclosure. As a result, Jones was not exempt from the

penalty of having his testimony excluded at trial. *See, e.g.*, *Jackson v. Maul*, No. 04-02-00873-CV, 2003 WL 22295332, at *1–2 (Tex. App.—San Antonio Oct. 8, 2003, no pet.) (mem. op.) (holding trial court did not abuse its discretion when it precluded plaintiff from presenting evidence of negligence because she failed to state her legal theories and factual basis for her claim in response to requests for disclosure).

Second, Jones also suggests that he was not required to respond to Cornejo's contention interrogatories because his responses would have been superfluous. More specifically, Jones repeatedly notes in his appellee's brief that he filed an answer denying that he caused the accident. As we recently noted in another case, however, "the need to respond to discovery is not a technicality. The purpose of the discovery rules is to encourage full discovery of the issues and facts before trial so that parties can make realistic assessments of their respective positions in order to facilitate settlements and prevent trial by ambush." *Okunfulure v. Ortiz*, No. 05-12-01045-CV, 2013 WL 3974095, at *1 (Tex. App.—Dallas Aug. 2, 2013, no pet.) (mem. op.) (internal quotation omitted). And here Cornejo notes that he first learned about Jones's version of events during trial, which rendered him "unprepared to summon witnesses to rebut it."

Rulings on the admissibility of evidence are generally reviewed on appeal for abuse of discretion. *See Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009). Under rule 193.6, however, "the trial court possesses no discretion; it must exclude evidence not timely provided, amended, or supplemented in response to a discovery request in the absence of evidence showing good cause for the failure to respond or the lack of prejudice to the party opposing the admission of the evidence." *White v. Perez*, No. 02-09-00251-CV, 2010 WL 87469, at *2 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (mem. op.). And even if we analyzed the trial court's ruling for an abuse of discretion, a trial court abuses its discretion if its

ruling is based on an erroneous view of the law. *Ball v. Rao*, 48 S.W.3d 332, 338 (Tex. App.—Fort Worth 2001, pet. denied).

Under rule 193.6(b), "[t]he burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness." TEX. R. CIV. P. 193.6(b). Also, "[a] finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record." *Id.* Here the record demonstrates that the trial court overruled Cornejo's pretrial objection to Jones's testimony because Cornejo did not file a motion to compel. A motion to compel, however, is not a prerequisite to the exclusion of evidence under rule 193.6(a). No arguments were raised about whether an exception to rule 193.6(a) applied. And without any evidence that an exception to rule 193.6(a) applied, the trial court erred when it overruled Cornejo's objection and admitted Jones's testimony. *See, e.g.*, *Beam v. A.H. Chaney, Inc.*, 56 S.W.3d 920, 924 (Tex. App.—Fort Worth 2001, pet. denied) (concluding trial court erred by admitting witness's testimony because party seeking to introduce testimony failed to adequately identify witness in discovery responses and made no attempt to establish an exception to automatic exclusion under rule 193.6(a)).

Jones argues that if the trial court erred in allowing Jones to testify, any error was harmless because other evidence apart from Jones's testimony supported the jury's verdict. More specifically, Jones argues that the jury could have found in favor of Jones even without Jones's testimony because Cornejo did not affirmatively identify Jones or his vehicle as causing the accident. We have reviewed the entire record in this case. Although Cornejo did not expressly state that Jones caused the accident, Cornejo testified that he believes his van was hit by a gray SUV, and the police report identifies Jones's vehicle as a gray SUV. The police report also states that Jones caused the accident. The only evidence to the contrary was Jones's testimony. Based on the record in this case we cannot say that the admission of Jones's

testimony was harmless.  *See* TEX. R. APP. P. 44.1(a)(1) (when trial court makes an error of law its judgment may be reversed on appeal if the error probably caused the rendition of an improper judgment).

## CONCLUSION

Under the procedural facts of this case we conclude that the trial court erred when it admitted Jones's testimony without considering whether an exception to rule 193.6(a) applied. We also conclude that Jones's testimony was the only evidence supporting the jury's verdict.  As a result, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121256F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALFREDO CORNEJO, Appellant

No. 05-12-01256-CV        V.

ANTHONY JONES, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-02958-A.
Opinion delivered by Justice Lang-Miers.
Justices O'Neill and Evans participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant Alfredo Cornejo recover his costs of this appeal from appellee Anthony Jones.


Judgment entered this 29th day of January, 2014.


/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE