**In Re R.C.S., T.C.S., J.C.S., and M.C.S., Minor Children.**

No. 05–04–00305–CV.

Court of Appeals of Texas, Dallas.

April 28, 2005.

Rehearing Overruled July 21, 2005.

Charles E. Miller, Jr., Mesquite, attorney ad litem for R.C.S., T.C.S., J.C.S., M.C.S.

Julia F. Pendery, Godwin Gruber, LLP, Yvette Jimenez Mabbun, Dallas, for Appellant.

Bruce K. Thomas, Law Office of Bruce K. Thomas, Dallas, Pamela Staley, Decatur, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from an order modifying the parent-child relationship, appellant Thomas C. Staley contends the trial court had no subject matter jurisdiction to change the conservatorship arrangement set forth in its original decree of divorce. In addition, appellant argues the trial court erred in denying two motions to recuse, failing to equalize the peremptory challenges given to each party, overruling an objection to evidence of racial bias, and awarding both appellee and the ad litem their attorney's fees. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## I.

Appellant and appellee, his former wife, Pamela S. Staley, are the parents of four minor children. On May 29, 2002, the trial court signed a final decree of divorce ending their marriage and establishing appellant and appellee as joint managing conservators. The decree did not grant either parent the right to establish the primary residence of the children, but instead ordered "that the primary residence of all four children is established at two locations:" one location being the residence of appellee in Dallas County, Texas; the other being the residence of appellant in Collin County, Texas or Dallas County, Texas. The decree also ordered that the children attend a particular private school unless appellant and appellee mutually agreed otherwise. Neither party appealed the decree.

Approximately three months after the decree was signed, appellee filed a petition to modify the parent-child relationship stating that the circumstances had materially and substantially changed since the earlier decree was rendered. Specifically, appellee stated that her mother had become very ill requiring appellee to care for her in Decatur, Texas. Appellee requested that she be designated as the conservator with the exclusive right to determine the primary residence of the children without regard to geographical location. In the alternative, appellee requested that the children's residence be restricted to Wise County, Texas, or contiguous counties. Appellee also requested that the children be allowed to attend a different school than the school designated in the original decree. Appellee stated she had discussed these matters with appellant, but no agreement could be reached. In a supplemental petition, appellee also requested that the terms and conditions for possession and access be changed.

Appellant answered and filed his own counter-petition to modify the parent-child relationship seeking, among other things, to be named the conservator with the exclusive right to determine the primary residence of two of the children and to restrict the residency of all four children to Collin County, Texas, or contiguous counties. Appellant argued these changes were necessary because the conservatorship arrangement under the original divorce decree had become unworkable.

The issue of who was to establish the primary residence of the children was

tried to a jury. An ad litem was appointed to represent the best interests of the children. On the first day of trial, appellant non-suited the portions of his counter-petition seeking modification of the children's residency. Thus, the sole issue submitted to the jury was whether the divorce decree should be modified to appoint appellee as the conservator with the exclusive right to determine the primary residency of the children in Wise County and contiguous counties. The jury answered "yes" with respect to all four children.

The remaining issues were tried to the court without a jury. The trial court signed a final order on December 29, 2003. Appellant now appeals from that order.

## II.

■ In appellant's first issue, he contends the trial court lacked subject matter jurisdiction over appellee's petition to modify the parent-child relationship because the petition was not supported by a sufficient affidavit under section 156.102 of the Texas Family Code. The version of section 156.102 in effect at the time appellee filed her petition stated that if a party files suit "seeking to modify the designation of the person having the exclusive right to determine the primary residence of a child ... [within] one year after the date of the rendition of the order, the person filing suit shall execute and attach an affidavit as provided by Subsection (b)." TEX. FAM. CODE ANN. § 156.102 (Vernon 2002), *amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 20, 2003 Tex. Gen. Laws 2987, 2993 (current version at Tex. Fam.Code Ann. § 156.102(a) (Vernon Supp.2004–05)). Subsection (b) required that the affidavit supporting the petition to modify contain an allegation and supporting facts showing that either (1) the child's present environment was endangering his physical health or emotional development,

(2) the person who had the exclusive right to determine the primary residence was seeking or consenting to the modification, or (3) the person who had the exclusive right to determine the primary residence had voluntarily relinquished primary care and possession of the child for at least six months and the modification was in the best interests of the child. *Id.* Appellant argues section 156.102 is jurisdictional and because appellee failed to submit a sufficient affidavit, the trial court did not have subject matter jurisdiction over her suit. It is unnecessary for us to address whether section 156.102 is jurisdictional in nature, however, because the section is inapplicable to appellee's petition to modify.

By its clear and unequivocal terms, section 156.102 is applicable only to suits seeking to "modify the designation of the person having the exclusive right to determine the primary residence of a child." *See id.* In this case, the decree of divorce appellee sought to modify did not designate a person with the exclusive right to determine the primary residence of the children. Instead, the decree designated two alternate locations as the primary residence of the children. Because appellee's suit sought an order designating a person with the right to determine the primary residence of the children in the first instance, instead of a modification of the person so designated, section 156.102 does not apply to appellee's suit.

■ In holding that section 156.102 is not applicable in this case, we are mindful that the purpose section 156.102 is to promote stability in the conservatorship of children by preventing the re-litigation of custodial issues within a short period of time after the custody order is entered. *See Burkhart v. Burkhart,* 960 S.W.2d 321, 323 (Tex.App.-Houston [1st Dist.] 1997, writ denied). Such stability in custodial issues was meant to be achieved, however,

by placing the power to designate the child's primary residence in a single conservator. It is for this reason that the legislature mandated that all orders appointing joint managing conservators include a designation of the conservator who has the exclusive right to determine the child's primary residence. *See* TEX. FAM. CODE ANN. § 153.133–4 (Vernon 2002). The divorce decree signed on May 29, 2002, ordered that appellant and appellee act as joint managing conservators, but failed to designate which conservator had the exclusive right to determine the children's residency. Therefore, the order was not in compliance with the requirements of the Texas Family Code. *See id.* By bringing suit to designate a conservator with the right to determine the children's primary residence, appellee was seeking to bring the divorce decree into compliance with the requirements of the Code. Appellee's suit, rather than seeking to disrupt the stability of the children's custody, sought instead to establish the stability that is created by vesting control of the children's residency in a single conservator. Because section 156.102 is inapplicable to appellee's petition, we conclude appellant's arguments under that section are without merit and we resolve his first issue against him.

In his second issue, appellant contends the trial court erred in its rulings on two different motions to recuse Judge Jeffrey Coen. The first motion sought to recuse Judge Coen after his assignment to the case as an associate judge; the second motion sought his recusal after he ascended to the district court bench and became the sitting judge of the court in which the parties' divorce case was pending. The first motion for recusal was filed by a trustee for Cromwell Holding Company, a party to the original divorce proceeding. According to the motion, then Associate Judge Coen demonstrated bias in favor of

appellee by ordering that Cromwell be joined in the suit. Based on this order, Cromwell argued Coen was required to recuse himself under rules 18a and 18b of the Texas Rules of Civil Procedure.

Judge Coen denied Cromwell's motion, holding that rules 18a and 18b do not apply to associate judges appointed to hear matters under chapter 201 of the Texas Family Code. This decision was appealed to the sitting judge of the trial court who affirmed the denial of the motion. *See* TEX. FAM.CODE ANN. § 201.015 (Vernon 2002) (appeal to referring court). Despite the denial of the motion to recuse, Judge Coen did not hear any other matters in the suit before the trial court signed the divorce decree on May 29, 2002. We note again that no appeal was taken from the 2002 decree.

■ Appellant now attempts to challenge the denial of the first motion to recuse that he neither filed nor appealed. Appellant's challenge is not well taken because, among other things, any error in the trial court's denial of Cromwell's motion to recuse was waived when no party appealed from the May 29, 2002 divorce decree. *See In re Union Pacific Res. Co.*, 969 S.W.2d 427, 428 (Tex.1998).

■ The second motion to recuse Judge Coen was filed by appellant in the current suit. The motion was filed after the conclusion of the jury trial, but before the remaining issues were tried to the court. At the time of the second motion, Judge Coen had assumed the district court bench in which this case was pending following the retirement of the previous presiding judge. Appellant argues in his motion to recuse that the judge demonstrated bias against him during the trial and, therefore, was required to recuse himself. Judge Coen declined to do so and, pursuant to Rule 18a of the Texas Rules of Civil Proce-

dure, requested the presiding judge of the administrative judicial district to assign another judge to hear the motion.[1] A judge was assigned to the matter and, following a hearing, the judge denied the motion.

Appellant argues that the second motion to recuse was erroneously denied on the basis of untimeliness. The order denying the motion does not state the reason for the denial, however. Indeed, at the conclusion of the hearing on the motion to recuse, the judge stated that he concluded not only that the motion was untimely but also that he would deny the motion "based on not finding any bias or prejudice. . . ." Appellant makes no argument and does not point us to any evidence demonstrating that the motion was erroneously denied because of lack of evidence of bias or prejudice. Accordingly, we cannot conclude the trial court abused its discretion in denying the motion on that basis. We resolve appellant's second issue against him.

■ Appellant's third issue addresses the actions of the ad litem during the jury trial. Specifically, appellant contends the trial court erred in allowing the ad litem a full number of jury strikes and in permitting the ad litem to elicit evidence about appellant's alleged racial bias.[2] With respect to the jury strikes, appellant complains that the ad litem and appellee were aligned in interest and, therefore, both the ad litem and appellee should not have been allowed six peremptory challenges. Generally, each party to a civil action in dis-

trict court is entitled to six peremptory challenges. *See* TEX.R. CIV. P. 233. In a case with multiple parties, any litigant may make a motion to equalize the number of challenges so that no litigant or side is given an unfair advantage as a result of the alignment of the parties. *See id.* In determining how the peremptory challenges are to be allocated, the court must consider any matter brought to its attention concerning the ends of justice and the elimination of an unfair advantage.

After the conclusion of voir dire examination and before the parties exercised their peremptory challenges, appellant timely moved that the strikes be equalized. *See In re M.N.G.*, 147 S.W.3d 521, 532 (Tex.App.-Fort Worth 2004, pet. denied). In arguing that the appellee and the ad litem were aligned, however, appellant merely stated that the ad litem had "essentially rendered his opinion with [appellee]." Appellant did not point to any statements, filings, or other actions by the ad litem that would demonstrate that his advocacy of the children's best interests was so aligned with appellee's interests in the litigation that allowing him a full number of peremptory challenges would result in an unfair advantage or defeat the ends of justice.

On appeal, appellant attempts to demonstrate that the ad litem and appellee were aligned by pointing to three pre-trial matters in which both the ad litem and appellee were opposed to appellant. The matters involved appellee's attempt to exclude evidence that the divorce decree was

---

1. *Appellant contends the trial court erred in failing to refer his motion to recuse to the presiding judge of the administrative district as required by Rule 18a. See* TEX.R. CIV. P. 18a. This complaint is not supported by the record The record clearly shows the motion was referred.

2. Appellant's statement of the third issue in his brief includes a general sub-issue questioning the extent of the ad litem's participation at trial. Appellant's arguments, however, are confined to the matters of the ad litem's jury strikes and his elicitation of evidence regarding prejudice. Our analysis is confined solely to the two specific matters argued by appellant.

agreed, appellant's attempt to have the suit for modification dismissed, and appellant's motion for protective order relating to evidence of funds available to him. The fact that the ad litem's position on these three matters was consistent with appellee's does not demonstrate alignment of the parties.

The ad litem's position at trial was that the conservatorship arrangement under the 2002 decree was unworkable and should be changed. Until the day of trial, appellant also took the position that the conservatorship arrangement needed to be modified. The fact that the ad litem was advocating a change in the conservatorship arrangement, and did not want the suit dismissed or evidence to come before the jury that would imply the arrangement under earlier decree was acceptable, shows only that he believed a change was in the best interests of the children and does not necessarily indicate any alignment with appellee. Similarly, evidence of funds available to appellant, his financial status, and his honesty about his finances, are issues that are as important to the representing the children's best interests as appellee's.

■ Appellant also points to the fact that both the ad litem and appellee argued against appellant's objection to the ad litem participating at trial. Agreement on the proper role of the ad litem at trial does not indicate alignment on the issues involved in the suit. After examining the record, we conclude there was nothing before the trial court at the time it made its ruling on the motion to equalize peremptory challenges that would indicate that the ad litem and appellee were aligned to the extent that allowing them each to exercise their normal allotment of six challenges

would result in an unfair advantage to any party.[3]

Appellant's second complaint about the actions of the ad litem concerns the ad litem's questioning of one of the children at trial. The ad litem asked appellant's daughter about an incident involving appellant, and she testified that during a dinner her father, who she said had been drinking heavily, began making racial comments. Appellant objected and moved that the testimony be stricken. The trial court overruled the objection and denied appellant's later motion for a mistrial.

■ Appellant argues the trial court committed reversible error when it allowed the ad litem to "inject evidence of [appellant's] alleged racial prejudice." In support of this contention, appellant cites three cases for the proposition that "incurable, reversible error occurs whenever any attorney suggests, either openly or with subtlety and finesse, that a jury feel solidarity with or animus toward a litigant or a witness because of race or ethnicity." *See Texas Employers' Ins. Assoc. v. Guerrero*, 800 S.W.2d 859, 866 (Tex.App.-San Antonio 1990, writ denied); *see also, Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979); *Texas Employers' Ins. Assoc. v. Haywood*, 153 Tex. 242, 266 S.W.2d 856 (1954). In all three cases, however, the prejudice about which the court was concerned was the *jury's*, not the party's. It is forbidden for counsel to appeal to a jury's racial or ethnic prejudice when advocating for or against a party. *See Guerrero*, 800 S.W.2d at 866. Nothing in the cases cited by appellant suggests that evidence of a *party's* racial prejudice is inadmissible, particularly when the issue

---

**3.** Appellant additionally notes several other instances of conduct which he believes show that the ad litem and appellee were aligned in interest. This conduct occurred either during

or after the trial, however, and could not have been considered by the trial judge at the time he made his ruling.

before the jury is that party's custody of children. We conclude appellant's arguments in support of his third issue are without merit and we resolve the issue against him.

In his fourth and final issue, appellant complains of the trial court's awards of attorney's fees to appellee and the ad litem. It is within the trial court's sound discretion to award reasonable attorney's fees in a suit affecting the parent-child relationship. *See* TEX. FAM.CODE ANN. § 106.002 (Vernon 2002). Appellant argues the trial court abused its discretion in awarding appellee her attorney's fees because she created the conditions under which the conservatorship arrangement set forth in the May 29, 2002 divorce decree became unworkable. Therefore, according to appellant, all the litigation costs were created by appellee's own actions. In making these arguments, appellant is simply attempting to reargue his position on the merits of appellee's petition to modify. Appellee prevailed on her motion to modify and we have concluded that appellant's challenges to that ruling are without merit. Appellant's contention that appellee should not have succeeded in her attempt to modify the conservatorship arrangement does not persuade us that the trial court abused its discretion in awarding her attorney's fees. *See Norris v. Norris,* 56 S.W.3d 333, 346 (Tex.App.-El Paso 2001, no pet.).

Appellant also argues the trial court was under the mistaken impression that it was required to award appellee her attorney's fees because the trial court's order states "because the Petitioner, [appellee], was successful in the jury trial, she is entitled to a judgment for her attorney's fees ..."

It is certainly within the trial court's discretion to award a prevailing party attorney's fees based on the merits and success of their claims. Nothing in the trial court's order suggests that its award of attorney's fees was made as a result of perceived obligation rather than an exercise of discretion. Appellant does not challenge the evidence supporting the amount of the award. Accordingly, we conclude the trial court did not abuse its discretion in awarding appellee her attorney's fees.

Appellant's challenge to the trial court's award of fees to the ad litem is similar to his challenge to appellee's award of fees. Once again, appellant argues it was appellee's conduct that caused the parties to incur costs such as the ad litem fee. As stated above, appellant's attempt to reargue the merits of appellee's suit is misplaced. Appellant also argues the appointment of the ad litem was unnecessary because the trial court had already appointed a psychologist to determine the best interests of the children. The role of the psychologist and the role of the ad litem are very different, however. Additionally, appellant does not point to any evidence in the record showing that he objected to the appointment of the ad litem to represent the children. We resolve appellant's fourth issue against him.

We affirm the trial court's judgment.