

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00876-CV

**IN THE INTEREST OF K.R.Z.** and K.W.Z., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18104
Honorable Larry Noll, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 22, 2015

REVERSED AND REMANDED

Kirk Z. appeals the trial court's dismissal of his suit to modify the parent-child relationship to grant him the exclusive right to designate the primary residence of his children and the trial court's award of attorney's fees against him. Kirk argues the trial court erred by dismissing his suit based on his failure to file a supporting affidavit. We reverse and remand for further proceedings.

### FACTUAL BACKGROUND

Kirk and Shanna H. were divorced in 2008. The divorce decree granted Shanna the exclusive right to designate the primary residence of their children. In 2012, Shanna filed a suit to modify the parent-child relationship. The trial court held a bench trial on July 26, 2013, and subsequently signed an order that maintained Shanna as the parent conservator with the exclusive right to designate the primary residence of the children. The order recites, "This order judicially

[sic] PRONOUNCED AND RENDERED in BEXAR County, Texas, on July 26, 2013 and further noted on the court's docket sheet on the same date, but signed on 9/11/13."

On August 11, 2014, Kirk filed a suit to modify the parent-child relationship, requesting that he be granted the exclusive right to designate the primary residence of the children. Shanna filed a motion to dismiss alleging the order Kirk sought to modify was signed less than a year before Kirk's filing and Kirk failed to file the supporting affidavit required by section 156.102 of the Texas Family Code. Shanna also requested an award of $5,000 in attorney's fees as a sanction for not filing the supporting affidavit.

After a hearing on Shanna's motion, the trial court dismissed Kirk's suit without prejudice and, based on the dismissal, granted Shanna's request for $5,000 in attorney's fees. Kirk now appeals.

### MOTION TO DISMISS

Under section 156.102 of the Texas Family Code, "If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach a[] [supporting] affidavit . . . ." TEX. FAM. CODE ANN. § 156.102(a), (b) (West 2014). "[T]he purpose [of] section 156.102 is to promote stability in the conservatorship of children by preventing the re-litigation of custodial issues within a short period of time after the custody order is entered." *In re R.C.S.*, 167 S.W.3d 145, 148 (Tex. App.—Dallas 2005, pet. denied). "This statute permits a denial of relief (or dismissal) without any advance notice to the litigants, solely from the trial court's review of the pleadings." *In re C.S.*, 264 S.W.3d 864, 872 (Tex. App.—Waco 2008, no pet.) (citing TEX. FAM. CODE ANN. § 156.102(c) (West Supp. 2007)). Whether section 156.102 requires the filing of a supporting affidavit is a legal issue

we review de novo. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (explaining trial courts' legal conclusions are reviewed de novo).

In this case, the trial court's 2013 custody order was not based on a mediated or collaborative law settlement agreement. Therefore, section 156.102 required Kirk to file a supporting affidavit only if his August 11, 2014 suit was filed within one year of the date the trial court rendered the 2013 custody order. *See* TEX. FAM. CODE ANN. § 156.102(a), (b). For purposes of Title 5 of the Family Code ("The Parent-Child Relationship and Suits Affecting the Parent-Child Relationship"), "'[r]ender' means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." *See* TEX. FAM. CODE ANN. §§ 101.001(a), 101.026 (West 2014).

The trial court's 2013 custody order recites it is "PRONOUNCED AND RENDERED in BEXAR County, Texas, on July 26, 2013 and further noted on the court's docket sheet on the same date, but signed on 9/11/13." Shanna did not argue in the trial court and does not argue on appeal that the recitation in the trial court's 2013 custody order is incorrect. Instead, she argues the one-year period in section 156.102(a) began on September 11, 2013, the day the 2013 custody order was signed. However, section 156.102(a) provides the one-year period in section 156.102(a) begins on the "date of the rendition of the order." *See* TEX. FAM. CODE ANN. § 156.102(a), (b). Because rendition of an order can occur by oral pronouncement, section 156.102 does not require a written, signed order to trigger the beginning of the one-year period. *See id.* §§ 101.001(a), 101.026, 156.102(a). We hold the one-year period in section 156.102 began to run on July 26, 2013, when the 2013 custody order was orally rendered.

Kirk filed his suit on August 11, 2014, which was more than one year after July 26, 2013. Section 156.102 did not require Kirk to file a supporting affidavit. *See* § 156.102(a), (b). Therefore,

the trial court erred by dismissing Kirk's suit based on his failure to file a supporting affidavit. *See id.* The trial court's award of attorney's fees was based upon its dismissal of Kirk's suit for failing to file a supporting affidavit and therefore must also be reversed.

## CONCLUSION

We reverse the trial court's judgment and remand this case for further proceedings. Because Kirk's other issues, if sustained, would not entitle him to greater or different relief, we need not address them to dispose of this appeal. *See* TEX. R. APP. P. 47.1.

Luz Elena D. Chapa, Justice