

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00706-CV

**IN THE INTEREST OF X.L.B.**, T.J.B., and V.C.B., Children

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 16-426
Honorable Bill R. Palmer, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  November 7, 2018

REVERSED AND REMANDED

The sole issue presented in this appeal is whether the affidavit required by section 156.102 of the Texas Family Code "applies to a suit wherein the husband and wife's agreed divorce decree appointed them as joint conservators but failed to designate which of them had the exclusive right to determine the children's primary residence." Because we hold the affidavit was not required in the context of the underlying suit, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

### BACKGROUND

Appellant Scott B. Barthel and appellee Casey A. Barthel have three children. On March 10, 2017, Scott and Casey entered into a Mediated Settlement Agreement for Temporary Orders on Children Only and a Mediated Settlement Agreement for Property Only. On May 24, 2017,

the trial court signed an Agreed Final Decree of Divorce finding that the parties entered into an Agreement Incident to Divorce during mediation on March 10, 2017, and the Agreed Final Decree of Divorce "represente[d] a merger of a mediated settlement agreement between the parties." The Agreed Final Decree of Divorce appointed Scott and Casey joint managing conservators. Both the Mediated Settlement Agreement for Temporary Orders on Children Only and the Agreed Final Decree of Divorce provided for alternating weeks of possession. Finally, the Mediated Settlement Agreement for Temporary Orders on Children Only provided, "Neither parent designates primary residence," and the Agreed Final Decree of Divorce provided, "Neither party shall be designated as the party that has the exclusive right to determine the primary residence of the children."

On July 31, 2017, Scott filed a petition to modify the final decree with regard to the youngest child, V.C.B., seeking to be appointed as the joint managing conservator with the right to determine V.C.B.'s primary residence. On August 24, 2017, Casey filed a motion to deny the relief Scott was seeking, asserting Scott's petition did not contain the affidavit required by section 156.102 of the Code. On September 21, 2017, the trial court held a hearing and signed an order finding Scott's petition "was filed within one year after the date of the entering of the Decree"[1] and did not contain the affidavit required by section 156.102; therefore, the trial court's order denied Scott's petition. Scott appeals.

## DISCUSSION

In his brief, Scott contends the trial court erred in denying his petition because he was not required to execute and attach the affidavit required by section 156.102 to his petition to modify. Casey did not file a brief.

---

[1] We note the section 156.102 affidavit requirement applies to a suit "filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based." TEX. FAM. CODE ANN. § 156.102(a) (West 2014).

Under section 156.102 of the Texas Family Code, "If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach a[ ] [supporting] affidavit . . . ." TEX. FAM. CODE ANN. § 156.102(a), (b). "Whether section 156.102 requires the filing of a supporting affidavit is a legal issue we review de novo." *In re K.R.Z.*, No. 04-14-00876-CV, 2015 WL 4478123, at *1 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.).

Two of our sister courts have addressed the issue presented in this appeal, and both courts held section 156.102 does not apply to a suit seeking "an order designating a person with the right to determine the primary residence of the children in the first instance, instead of a modification of the person so designated." *In re C.R.A.*, 453 S.W.3d 623, 631 (Tex. App.—Fort Worth 2014, no pet.) (quoting *In re R.C.S.*, 167 S.W.3d 145, 148 (Tex. App.—Dallas 2005, pet. denied)); *see Ellason v. Ellason*, 162 S.W.3d 883, 886 (Tex. App.—Dallas 2005, no pet.) (noting "affidavit requirement does not apply when at the time suit is filed no person possesses th[e] exclusive right" to determine the primary residence of a child). The divorce decree in those cases, like the decree in the instant case, did not grant either parent the right to establish the primary residence of the children. *In re C.R.A.*, 453 S.W.3d at 631; *In re R.C.S.*, 167 S.W.3d at 147. As the Dallas Court explained:

> By its clear and unequivocal terms, section 156.102 is applicable only to suits seeking to "modify the designation of the person having the exclusive right to determine the primary residence of a child." In this case, the decree of divorce appellee sought to modify did not designate a person with the exclusive right to determine the primary residence of the children. Instead, the decree designated two alternate locations as the primary residence of the children. Because appellee's suit sought an order designating a person with the right to determine the primary residence of the children in the first instance, instead of a modification of the person so designated, section 156.102 does not apply to appellee's suit.

*In re R.C.S.*, 167 S.W.3d at 148 (internal citation omitted). Noting "the purpose of section 156.102 is to promote stability in the conservatorship of children by preventing the re-litigation of custodial issues within a short period of time after the custody order is entered," the Dallas Court further reasoned:

> Such stability in custodial issues was meant to be achieved, however, by placing the power to designate the child's primary residence in a single conservator. It is for this reason that the legislature mandated that all orders appointing joint managing conservators include a designation of the conservator who has the exclusive right to determine the child's primary residence. The divorce decree signed on May 29, 2002, ordered that appellant and appellee act as joint managing conservators, but failed to designate which conservator had the exclusive right to determine the children's residency. Therefore, the order was not in compliance with the requirements of the Texas Family Code. By bringing suit to designate a conservator with the right to determine the children's primary residence, appellee was seeking to bring the divorce decree into compliance with the requirements of the Code. Appellee's suit, rather than seeking to disrupt the stability of the children's custody, sought instead to establish the stability that is created by vesting control of the children's residency in a single conservator.

*Id*. at 148-49 (internal citations omitted). We agree with the Dallas court's explanation and reasoning and also hold section 156.102 is not applicable to a suit seeking "an order designating a person with the right to determine the primary residence of the children in the first instance, instead of a modification of the person so designated." *In re C.R.A.*, 453 S.W.3d at 631; *In re R.C.S.*, 167 S.W.3d at 148.

### CONCLUSION

Because Scott's petition sought an order designating himself as the person with the right to determine the primary residence of V.C.B. in the first instance, he was not required to execute and attach the affidavit required by section 156.102 to his petition. Accordingly, the trial court erred in denying his petition based on his failure to attach the affidavit. The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice