Opinion filed March 29, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00190-CV
_____

## IN THE INTEREST OF A.D.C. AND E.N.C., CHILDREN

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 50087**

## MEMORANDUM OPINION

Father appeals the trial court's order granting Mother's petition to modify the parent-child relationship with their children, A.D.C. and E.N.C. The trial court entered the order based upon the jury's verdict in favor of Mother. Father brings two issues on appeal. We affirm.

### Background Facts

Father and Mother are the parents of A.D.C. and E.N.C. On February 25, 2010, the trial court entered a final decree of divorce dissolving their marriage. The divorce decree appointed Father and Mother as joint managing conservators of the children. Under the divorce decree, neither parent had the exclusive right to

determine the primary residence of the children. Instead, the divorce decree provided as follows:

> [T]he primary residence of the children shall be restricted to Midland County, Texas and any county contiguous thereto, and the parties shall not remove the children from Midland County, Texas and any county contiguous thereto for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

Furthermore, the divorce decree provided that the parties would have equal possession of the children to be exercised on alternating weeks.

On June 18, 2015, Mother filed a petition to modify the parent-child relationship based upon an allegation of a material and substantial change in circumstances. In the petition, Mother requested that she be permitted to designate the primary residence of the children without regard to geographic restriction. Mother also requested the trial court to implement a standard possession order to modify Father's access and possession. Subsequently, Father filed a counterpetition to modify the parent-child relationship seeking to be the parent to designate the primary residence of the children.

The trial court considered the petitions seeking modification at a final hearing conducted as a bench trial on November 12, 2015. The trial court notified the parties of its decision in a letter ruling issued on that date. The trial court subsequently entered a written order on January 20, 2016, wherein it denied each party's request seeking appointment as the conservator with the exclusive right to designate the children's primary residence. Furthermore, the trial court did not modify the prior order restricting the children's primary residence to Midland County or counties contiguous thereto. In its findings of fact and conclusions of law, the trial court found that modification was not in the best interests of the children. Accordingly,

the provisions of the divorce decree remained intact with respect to the parents' possession of the children and the children's residence.

On January 11, 2016, Mother filed a new petition to modify the parent-child relationship.[1] In this petition seeking to modify the terms of the divorce decree, she alleged a material and substantial change based upon an allegation that the paternal grandfather was arrested for indecency with a child in January 2016. The alleged victim was not one of the children that are the subject of this appeal. Mother sought appointment as the person with the authority to designate the primary residence of the children. Mother also sought to deny Father access to the children until a doctor had the opportunity to evaluate the children. Mother also requested temporary orders seeking this requested relief.

On February 12, 2016, the trial court held a hearing regarding Mother's request for temporary orders. The trial court orally pronounced that a material and substantial change warranted the parties' appointment as temporary joint managing conservators with Mother appointed as the parent with the exclusive right to determine the primary residence of the children.

On April 20, 2016, the trial court entered written temporary orders with respect to the February 12, 2016 hearing. These written orders contained a finding that the children's circumstances had materially and substantially changed since the rendition of the most recent final order. The trial court appointed both parties as temporary joint managing conservators and gave Mother the exclusive right to designate the primary residence of the children within Midland County. The trial court also adopted the standard possession order regarding Father's access to and possession of the children, and it prohibited contact with the paternal grandparents.

---

[1]Mother filed this new petition after the hearing and letter ruling of November 12, 2015, but before the entry of the written order of January 20, 2016, denying the parties' motions seeking to modify the possession provisions of the divorce decree.

Father subsequently filed a counterpetition for the same relief and requested a jury trial on the matter. Mother later filed a supplemental motion to modify the order to remove the prior geographic restriction of Midland County and adjacent counties.

On December 12, 2016, a jury trial on the parties' requested modifications began. After hearing the evidence, the jury returned a verdict to the effect that the 2010 divorce decree should be modified. The jury determined that Mother should have the exclusive right to designate the primary residence of the children with geographic restrictions. The geographic restriction imposed by the jury was Midland County, within a 150-mile radius of Midland County, or within a 50-mile radius of DFW Airport or Dallas Love Field. Based on this verdict, the trial court entered a final order on April 27, 2017.

Father subsequently filed a motion for new trial. The grounds asserted in the motion included failure to grant a mistrial, improper jury argument, legal and factual insufficiency, and newly discovered evidence. The trial court denied the motion for new trial without conducting a hearing.

*Analysis*

In his first issue, Father asserts that the trial court abused its discretion by entering the February 12, 2016 temporary order appointing Mother as the temporary joint managing conservator with the exclusive right to establish the children's primary residence. Father contends that the trial court used the wrong legal standard of a "material and substantial change" to analyze whether the temporary order at issue was appropriate. Father asserts that the pleading requirement of Section 156.102 of the Texas Family Code governed the trial court's decision for the entry of temporary orders. *See* TEX. FAM. CODE ANN. § 156.102(a) (West 2014). To the extent that Father is complaining in his first issue about the entry of the temporary orders, his complaint is moot. *See Mauldin v. Clements*, 428 S.W.3d 247, 261–62 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting that temporary orders

4

of a trial court issued during the pendency of a proceeding are superseded by the trial court's final order); *see also Rafferty v. Finstat*, 903 S.W.2d 374, 378 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

Father also asserts that the final order was invalid under the pleading requirements of Section 156.102(a). Specifically, Father contends that the jury trial should have never occurred because Mother did not comply with the pleading requirements of Section 156.102(a). We disagree with this assertion because we conclude that the pleading requirements of Section 156.102(a) did not apply to Mother's subsequent petition to modify.

Section 156.102 addresses a petition "to modify the designation of the person having the exclusive right to designate the primary residence of a child [that] is filed not later than one year after" the previous order established the same. *See* FAM. § 156.102(a). If Section 156.102 is applicable, the trial court is not permitted to schedule a hearing or grant the relief sought unless an affidavit is attached to the motion detailing specific facts supporting one of three allegations. *Id.* § 156.102(c). One such allegation is "that the child's present environment *may* endanger the child's physical health or significantly impair the child's emotional development." *Id.* § 156.102(b)(1) (emphasis added).[2]

We note at the outset that Mother's second petition to modify filed on January 11, 2016, sought to modify the original divorce decree. We further note that the trial court's order of January 20, 2016, did not modify any of the provisions of the original divorce decree. To the contrary, the January 20, 2016 order denied the modifications requested by each party. Accordingly, the provisions of the 2010

---

[2]Contrary to Father's assertion, there is no requirement in Section 156.102 that there be a showing of "imminent" physical or emotional danger. *See* FAM. § 156.102(b).

divorce decree remained in force when Mother filed her January 11, 2016 petition to modify.

The divorce decree did not grant either party the right to establish the primary residence of the children. Section 156.102 does not apply to a suit seeking "an order designating a person with the right to determine the primary residence of the children in the first instance, instead of a modification of the person so designated." *In re C.R.A.*, 453 S.W.3d 623, 631 (Tex. App.—Fort Worth 2014, no pet.) (quoting *In re R.C.S.*, 167 S.W.3d 145, 148 (Tex. App.—Dallas 2005, pet. denied)); *see Ellason v. Ellason*, 162 S.W.3d 883, 886 (Tex. App.—Dallas 2005, no pet.) (noting "affidavit requirement does not apply when at the time suit is filed no person possesses th[e] exclusive right" to determine the primary residence of a child). Thus, even if Mother filed her second petition to modify within a year of the entry of the divorce decree, the pleading requirements of Section 156.102 would not have applied to her petition. *See In re C.R.A.*, 453 S.W.3d at 631; *In re R.C.S.*, 167 S.W.3d at 148.

The heightened pleading requirement of Section 156.102 did not apply to Mother's second petition to modify because it was not filed within one year of a prior order designating a parent with the right to designate the primary residence of a child. The fact that Mother had filed a previous petition seeking the same relief is of no consequence under the statute because Section 156.102 is triggered by the entry of a previous order designating a parent with the right to designate the primary residence of a child rather than the filing of a previous motion seeking that relief. We overrule Father's first issue.

In his second issue, Father complains that the trial court abused its discretion by denying his motion for new trial. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). Under this standard, we must determine whether the trial court acted without reference to any guiding rules or principles. *Downer v.*

6

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The exercise of discretion is within the sole province of the trial court, and an appellate court may not substitute its discretion for that of the trial court. *Johnson v. Fourth Ct. App.*, 700 S.W.2d 916, 918 (Tex. 1985). Rather, an abuse of discretion occurs only when the trial court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 917.

As noted previously, Father presented multiple grounds in his motion for new trial. He only raises two of these grounds on appeal: legal and factual sufficiency of the evidence and newly discovered evidence. Both of these grounds involve the same operative fact. Specifically, "Petitioner's spouse's testimony that he was and is unable to practice his trade in Midland and surrounding/contiguous Texas counties due to a provision in a 'whistle-blowers' settlement agreement--a claim which was false and which was the foundation of Petitioner's motion to modify the underlying order." Father claims that the evidence supporting the modification was legally and factually insufficient because Mother's spouse was not actually required to move in order to continue practicing his occupation as a nurse anesthetist. He also contends that his discovery that Mother's spouse was not actually required to move constituted newly discovered evidence.

When a motion for new trial is based on a challenge to the sufficiency of the evidence supporting the verdict, we apply the appropriate sufficiency standards to evaluate the trial court's denial of the motion. *Enright v. Goodman Distrib., Inc.*, 330 S.W.3d 392, 396 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference to support it. *Id.* at 822. We credit favorable evidence if a

reasonable juror could and disregard contrary evidence if a reasonable juror could not. *Id.* at 827. Because jurors are the sole judges of the credibility of witnesses and may choose to believe one witness and disbelieve another, we must not substitute our opinion for that of the jury. *See id.* at 819. It is the role of the jury to resolve conflicts in the evidence; accordingly, we must review the evidence in a light favorable to the verdict and assume that jurors resolved all conflicts in accordance with that verdict. *Id.* at 820. In evaluating a factual sufficiency challenge, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

The record indicates that one of the reasons for Mother's requested modification was the fact that her new husband, B.G., had accepted a new position in the Dallas/Fort Worth Metroplex. Mother testified that B.G. searched for a position outside of Midland because of a confidential whistleblower settlement agreement and employment contract that restricted his ability to work for competitors within fifty miles of the Medical Center Hospital in Odessa. Both Mother and B.G. were under the impression that the employment contract and settlement agreement limited B.G.'s ability to work within fifty miles of Odessa after his contract ended. However, during cross-examination, it was discovered that the non-compete provision in the employment contract was only applicable during the term of the contract. B.G. testified that he believed the non-compete clause was in both the employment contract and the settlement agreement. B.G. further testified that his attorneys told him that the geographic restriction was enforceable against him after the settlement.

Contrary to Father's contention on appeal, B.G.'s belief that he was prohibited from working near Odessa was not the only reason for Mother's requested

modification. Mother testified to other reasons why the modification was in the best interests of the children—the primary reason being the paternal grandfather's commission of the offense of indecency with a child. To the extent that the jury relied on Mother's and B.G.'s reason for moving from Midland, B.G.'s testimony that his attorneys told him that he was prohibited from working in the area constitutes legally and factually sufficient evidence supporting the jury's verdict.

A trial court's decision regarding whether to grant a new trial based on newly discovered evidence is reviewed under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *In re C.J.O.*, 325 S.W.3d 261, 268 (Tex. App.—Eastland 2010, pet. denied). A party seeking a new trial based on newly discovered evidence must show that (1) the evidence has come to light after trial, (2) it was not owing to want of due diligence that the evidence did not come to light sooner, (3) the new evidence is not cumulative, and (4) the evidence is so material that it would likely produce a different result if a new trial were granted. *In re C.J.O.*, 325 S.W.3d at 268.

> A movant's mere allegations will not suffice to obtain a new trial on the basis of newly discovered evidence; rather, admissible evidence must be introduced at a hearing on the motion for new trial establishing such essential facts as no prior knowledge on the part of the movant, the prior diligence exercised by the movant, and the nature of the newly discovered evidence.

*Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App—Dallas 2011, pet. denied).

By definition, the evidence that Father cites did not constitute newly discovered evidence because it was known at trial. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983) (listing the elements of a claim of newly discovered evidence), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex. 2003). Evidence is only newly discovered if it comes to light after trial. *See In re C.J.O.*, 325 S.W.3d at 268. Furthermore, Father failed to establish

9

in his motion for new trial that he exercised due diligence to discover this evidence sooner. Therefore, the trial court did not abuse its discretion in denying Father's motion for new trial. We overrule Father's second issue.

*This Court's Ruling*

We affirm the trial court's order of modification.


JOHN M. BAILEY
CHIEF JUSTICE


March 29, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.